Bernice ARMSTEAD et al.

v.

STARKVILLE MUNICIPAL SEPARATE
SCHOOL DISTRICT et al.

Bettye Joe BAKER et al.

v.

COLUMBUS MUNICIPAL SEPARATE
SCHOOL DISTRICT et al.

Nos. EC 70–51–S and EC 70–52–S.

United States District Court,
N. D. Mississippi, E. D.

April 3, 1975.

Stephen J. Pollak, Richard M. Sharp, Washington, D. C., for plaintiffs Bettye Joe Baker, and others and Bernice Armstead, and others.

Shields Sims, C. Darrell Reeves, Jr., Columbus, Miss., for defendant Columbus Municipal School.

Edward F. McDowell, Starkville, Miss., T. J. Tubb, T. Murray Tubb, West Point, Miss., for defendant Starkville Municipal School.

## RULING OF COURT

ORMA R. SMITH, District Judge.

These two cases are now before the court upon plaintiffs' motions for an award of attorney's fees and expenses. Plaintiffs in each of these cases have previously prevailed in this court at the trial upon the merits. Armstead v. Starkville Municipal Separate School District, 325 F.Supp. 560 (N.D.Miss.1971), aff'd in part and rev'd in part, 461 F.2d 276 (5th Cir. 1972); Baker v. Columbus Municipal Separate School District, 329 F.Supp. 706 (N.D.Miss.1971), aff'd, 462 F.2d 1112 (5th Cir. 1972).

In both these cases, this court has previously found that the defendant school districts discriminated against black teachers in their employ and against black applicants for teaching positions. Because of substantial similarity of issues, the two cases were consolidated for oral argument and for purposes of the court's decision on the allowance of attorney's fees.

Plaintiffs rely upon three legal principles to support an award of attorney's fees. First, there is Section 718 of the Emergency School Aid Act of 1972, 20 U.S.C., Section 1617, which became effective on July 1, 1972. Second, plaintiffs rely upon 42 U.S.C., Section 1983, and the case law interpreting that statute to justify an award of counsel fees in certain instances. Third and lastly, plaintiffs direct the court's attention to the equitable principle that attorney's fees are justified if the party against whom such an award is sought has acted in an unreasonable and obdurately obstinate manner in connection with the controversy in question.

## APPLICABILITY OF 20 U.S.C., SECTION 1617

Turning first to Section 718 of the Emergency School Aid Act of 1972, 20 U.S.C., Section 1617, this act reads as follows:

Upon the entry of a final order by a court of the United States against a

local educational agency, a State (or any agency thereof), or the United States (or any agency thereof), for failure to comply with any provision of this chapter or for discrimination on the basis of race, color, or national origin in violation of title VI of the Civil Rights Act of 1964, or the fourteenth amendment to the Constitution of the United States as they pertain to elementary and secondary education, the court, in its discretion, upon a finding that the proceedings were necessary to bring about compliance, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

These cases were decided on the merits by this court before the School Aid Act became effective on July 1, 1972. The issue of whether this provision of the act may be given retroactive effect is raised thereby. However, before reaching the subject of retroactive effect, the court must first determine whether the other conditions precedent to an award of attorney's fees set forth in Section 1617 have been fulfilled.

■ In order for the court to allow attorney's fees to the prevailing party under the School Aid Act, the court must find that the discrimination attributed to the defendants was based upon "race, color, or national origin in violation of title VI of the Civil Rights Act of 1964, or the fourteenth amendment to the Constitution". 20 U.S.C., Section 1617.

The record in the Columbus case fully demonstrates that the discrimination practiced by the Columbus Municipal Separate School District was on the basis of race and color. "The district court found, and the record amply supports the finding, that Columbus acted with the purpose of barring proportionately more black teachers than white teachers from employment and re-employment." Baker v. Columbus Municipal Separate School District, 462 F.2d, at 1115.

The Starkville case presents a slightly more complex and sophisticated situation. The court of appeals affirmed this court's decision in that case without reaching the issue of whether the policy of the Starkville school district in requiring minimum scores on the Graduate Record Examination (GRE) for retention on the teaching staff did in fact create a racial classification. The Fifth Circuit's affirmance was founded only upon the ground that the GRE requirement imposed by the Starkville School District was impermissible under the Fourteenth Amendment because it was not reasonably related to the purpose for which it was designed. 461 F.2d, at 279–80, citing Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

Notwithstanding the breadth of the Fifth Circuit's holding in the Starkville case, this court's ruling in that case, which the court of appeals did not overturn or contradict on the points in issue, clearly included a determination that the Starkville School board had, through the GRE requirement, created an unconstitutional racial classification which obviously served to discriminate on the basis of race and color as contemplated in 20 U.S.C., Section 1617. 325 F.Supp. at 569–71.

■ It is, therefore, apparent that the actions of the defendant school boards which were successfully challenged by plaintiffs in both these cases involved racial discrimination within the purview of 20 U.S.C., Section 1617. We now pass on to the question of what retroactive effect is to be given Section 1617, if any.

### RETROACTIVE EFFECT OF 20 U.S.C., SECTION 1617

As has been previously stated, the decisions on the merits in these cases were both rendered prior to the effective date of Section 1617 (July 1, 1972). Chief Judge Keady of this district was faced with issues which, while not identical to those in the case *sub judice*, involved a similar examination of the retroactive

effect to be given Section 1617, in United States v. Coffeeville Consolidated School District, 365 F.Supp. 990 (N.D. Miss.1973). There the court found that the defendant school district had improperly discharged four black teachers and awarded attorney's fees against the district under the authority of Section 1617 for only that portion of the legal services rendered to plaintiffs subsequent to July 1, 1972.

While the extent of the court's award of attorney's fees in the *Coffeeville* case was undoubtedly correct under the rule of the Fifth Circuit as it existed at the date that decision was rendered, post-1973 case law has substantially expanded the rights of successful plaintiffs to recover attorney's fees under Section 1617 for legal services rendered prior to July 1, 1972.

In Bradley v. Richmond School Board, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court made known its views on the manner in which 20 U.S.C., Section 1617 is to be applied by the courts. Under the facts in that case, Section 1617 became effective while the question of the allowance of attorney's fees was pending before the court of appeals. In resolving the retro-activity issue, the court "anchored" its holding on the general principle that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary". 416 U.S., at 711, 94 S.Ct., at 2016, 40 L.Ed.2d, at 488. According to the court in *Bradley,* this axiom harkens as far back in American jurisprudence as Chief Justice Marshall's opinion in United States v. Schooner Peggy, 5 U.S. 103, 1 Cranch 103, 2 L.Ed. 49 (1801).

The court went on to apply the principle taken from *Schooner Peggy* by discussing the caveats to the general rule. In so doing, the court dismissed the school board's argument that a retroactive award of attorney's fees would impose a "manifest injustice" on the

board. This proposition was rejected by the court on the ground that, laying aside Section 1617, the school board could have reasonably anticipated an award of attorney's fees against it under any one of several other common-law theories. Finally, the court rejected the defendant's contention that "a change in the law is to be given effect in a pending case only where that is the clear and stated intention of the legislature". 416 U.S. 715, 94 S.Ct. 2018, 40 L.Ed.2d 490. Thus, the absence of any language in Section 1617 specifically directing retroactive effect does not mandate a holding that there can be no retroactive effect.

Subsequent to the *Bradley* decision, the Fifth Circuit had occasion to re-examine its previous position concerning an award of attorney's fees under Section 1617 as set forth in Thompson v. Madison County Board of Education, 496 F.2d 682 (5th Circuit 1974), the court stated:

"In Johnson v. Combs, 5th Cir. 1972, 471 F.2d 84, 86–87, we held that the statute is not to be applied retroactively 'to the expenses incurred during the years of litigation prior to its enactment.' The Supreme Court on May 15, 1974, expressly rejected this holding by concluding that the statute is applicable to litigation predating, but pending on appeal on, the effective date of the statute unless the award would cause 'manifest injustice.' Bradley v. School Board of City of Richmond, 1974, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476. Since the school board has failed to cite any special circumstances, and since it is undisputed that these proceedings were necessary to bring about compliance with the law, the district court, upon the entry of a final order in this case, is directed to grant appellants' request for reasonable attorney's fees for services rendered from the first district court hearing through this appeal." *Id.* at 690. See also Davis v. Board of School Commissioners of

Mobile County, 496 F.2d 1181 (5th Circuit 1974).

■ The final argument for the non-applicability of Section 1617 which defendants make is that, in view of the fact that the issuance of this court's final order on the merits in these two cases and the affirmances by the court of appeals in both cases all occurred prior to the effective date of the statute, July 1, 1972, the terms of the statute have not been complied with insomuch as the award of attorney's fees would be made subsequent to rather than "upon the entry of a final order" as the statute requires. 20 U.S.C., Section 1617. Further, defendants observe that both the *Bradley* and *Thompson* opinions deal with cases where the law was changed while the case was on appeal, but here the appeals were final prior to the change in the law. The court finds neither of these contentions sufficiently persuasive to defeat the applicability of Section 1617.

While it is true that this court's decisions upon the merits in the Starkville and Columbus cases and the affirmances by the Fifth Circuit Court of Appeals all occurred prior to the effective date of the statute in question, in both these cases the issues of the allowance of attorney's fees were specifically reserved for determination at a date subsequent to the disposition of the appeals by the Fifth Circuit. In the interim, a change in the law has occurred which arguably worked to the detriment of the defendants. However, this court deems it proper to follow the dictates of *Bradley* and apply the law pertaining to the allowances of attorney's fees in cases such as this as such law now exists, that is, at the date of this court's decision on this issue.

This interpretation of Section 1617 is bolstered by the Supreme Court's closing comments in the *Bradley* decision concerning the impropriety of a too literal reading of the language of the statute and the necessity of vesting some degree of discretion in the district court as to the proper time for allowances of attorney's fees due to the complexity of the fee issue. Bradley v. Richmond School Board, *supra*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d at 494–95.

## APPLICATION OF 20 U.S.C., SECTION 1617

Having passed the threshold question of the applicability of 20 U.S.C., Section 1617, the court must now apply the provisions of the statute to the cases at hand. The statute endows the court with the authority to award attorney's fees to the prevailing party in the exercise of the court's discretion. This has been interpreted to justify an allowance of attorney's fees except in the face of "special circumstances" which would render such an award "unjust". Northcross v. Board of Education of Memphis City Schools, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973).

The Starkville School District has attempted to bring itself within the coverage of this "special circumstances" proviso by making known to the court the dire financial straits in which the school district finds itself. The school district is already receiving the maximum tax support allowed under current state law. The district has expended in excess of $30,000 in satisfying liability for backpay claims of teachers found to have been wrongfully discharged, imposed upon the district by this court's decision on the merits reported in 325 F.Supp. 560. Starkville argues that if attorney's fees and expenses are assessed against it, the money required to satisfy the award will have to be diverted from district's maintenance and operation funds to the detriment of the school district and its student population.

■ Although the court does not relish facing a spectre such as the Starkville defendants maintain will arise should the district be required to pay attorney's fees in this case, wresting books from the hands of school children, and other equally severe deprivations, the court would observe that the award of

attorney's fees contemplated here does not approach even two percent of the maintenance budget for this school year, which is currently pegged at approximately $2,600,000.

In resolving this distasteful dilemma, the court may again turn to the Supreme Court's opinion in Bradley v. Richmond. There the court, in considering whether an award of attorney's fees was just and fair in an equitable sense, noted the "disparity in the respective abilities of the parties adequately to present and protect their interests". 416 U.S., at 718, 94 S.Ct., at 2019, 40 L. Ed.2d, at 492. However, in fairness to the Starkville School District, it must be observed that the Supreme Court in *Bradley* was contrasting the resources of school children with that of a publicly funded governmental entity. Here, this court must contrast the resources of public school teachers with those of a governmental entity, similar to that in *Bradley*. Nevertheless, this court is convinced that the interests advanced by the plaintiffs, the teachers unconstitutionally discharged through the actions of the Starkville School District, are of such importance that, when viewed in conjunction with the probable resources of an unemployed public school teacher, it cannot be said that the burden of imposing attorney's fees on the defendant school district in an amount which is less than two percent of its annual budget is such a showing of "special circumstance" as to blunt the public interest in securing constitutional operation of the nation's elementary and secondary schools as manifested in 20 U.S.C., Section 1617.

The defendant in the Columbus case has made no effort to fit itself within the "special circumstance" exception of Section 1617.

Concerning the application of 20 U.S. C., Section 1617 to the cases at bar, the court need make only one further finding in order to bring the Columbus and Starkville cases within the full purview of that statute. That is "that the pro-

ceedings were necessary to bring about compliance" with Title VI of the Civil Rights Act of 1964, or with the Fourteenth Amendment. That it was necessary for the plaintiffs in each of these cases to bring these actions in order to secure compliance without the Fourteenth Amendment in regard to the hiring and employment of teachers by the Columbus and Starkville School Districts is clearly demonstrated by the vigor with which these claims were resisted by the defendants. Both cases have been in litigation for over four years and have been pursued by the defendants to the Court of Appeals.

## ATTORNEY'S FEES UNDER 42 U.S. C., SECTION 1983 AND EQUITABLE PRINCIPLES

Insomuch as the court has determined that an award of attorney's fees to plaintiffs in these two cases is required under 20 U.S.C., Section 1617, the court will neither consider nor pass upon the propriety of an award of attorney's fees to plaintiffs here under 42 U.S.C., Section 1983, or under equitable principles.

## THE EXTENT OF THE ATTORNEY'S FEES TO BE AWARDED

■ At the outset of the court's calculation of the proper monetary amount to be fixed as an award of attorney's fees in these cases, defendants assert the contention that the sum awarded should be reduced to the extent that the National Education Association (NEA) and the Mississippi Teachers Association (MTA) have provided funding for the prosecution of the two cases. The records in the cases show that all counsel fees and expenses in the Starkville case and substantially all attorney's fees and expenses in the Columbus case have been paid by NEA and MTA.

The law in this circuit concerning the reduction of an award of attorney's fees because plaintiff's attorney was provided by a public, charitable, or tax-free organization was made quite clear by the court of appeals in Fairly v. Patter-

son, 493 F.2d 598 (5th Cir. 1974). "This Court has indicated on several occasions that allowable fees and expenses may not be reduced because appellants' attorney was employed or funded by a civil rights organization and/or tax exempt foundation or because the attorney does not exact a fee." *Id.* at 606. Under the authority of the *Fairly* case, the defendants' contentions regarding the reduction of the award here are clearly not well taken.

*The Columbus Case*

In calculating the amount to be fixed by the court as a reasonable award of attorney's fees, some additional explanation of the history of the Columbus case is required for an understanding of the court's ruling. The question of an award of attorney's fees is now before the court not only in regard to the main litigation as reported in 329 F.Supp. 706 and 462 F.2d 1112, but also upon the supplemental complaint of Mrs. Esther Harrison concerning her discharge from employment as a teacher by the defendant school district on grounds which were allegedly unrelated to the minimum NTE requirement at issue in the major portion of the case.

Mrs. Harrison was a named plaintiff in the Baker v. Columbus litigation. Under the ruling of this court issued on June 23, 1971, and reported in 329 F. Supp. 706, Mrs. Harrison was reinstated as a teacher in the defendant school system for the scholastic year 1971–72. On November 9, 1971, Mrs. Harrison's employment contract was terminated by the defendant school board and such termination was reaffirmed by defendants on December 13, 1971, February 3, 1972, and June 10, 1972. The school board claimed to have based Mrs. Harrison's dismissal and subsequent non-renewal of her employment contract upon her "incompetency", "belligerent attitude", "neglect of duty", and "general insubordination", as well as various other shortcomings in her job performance. In her supplemental complaint, Mrs. Harrison alleged that her dismissal was founded upon nothing more than a desire for retribution on the part of the defendant school board and its supervisory personnel as a consequence of Mrs. Harrison's participation as a plaintiff in the Baker v. Columbus suit.

An evidentiary hearing on the merits of Mrs. Harrison's claim was held on November 4, 1974, at the conclusion of which the court found for the plaintiff and awarded Mrs. Harrison equitable relief in the form of reinstatement to employment, backpay in the sum of $13,192, and costs, attorney's fees, and expenses in an amount to be subsequently determined.

Having had benefit of a fuller exposition of the views of the parties on the issues of costs and attorney's fees and expenses, the court is now in a position to fix such amounts. In connection with the supplemental complaint in this case, Mrs. Harrison is entitled to backpay in the sum of $13,192, court costs in the sum of $322.10, expenses of counsel in the amount of $2,969.66, and attorney's fees to the extent of $20,000.

The two attorneys acting as counsel for plaintiff have furnished the court with an itemization of 362 hours expended by them in pursuing prosecution of the supplemental complaint. Of this figure, approximately 120 hours were spent in court.

In arriving at $20,000 as a fair and reasonable award in attorney's fees in connection with the Harrison complaint, as well as the awards of attorney's fees in the main Columbus case and in the Starkville case, the court has considered the criteria for fixing such allowances set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir., 1974). These factors include (1) the time and labor required, (2) the novelty and difficulty of the questions of law involved, (3) the skill requisite to properly perform the necessary legal services, (4) the preclusion of other employment by the attorneys, (10) the undesirability of case at hand, (5) the customary fee in cases of a similar sort and for services

of a like nature, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of the recovery involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) the size of awards in similar cases. *Id.* at 717–19.

This court has, in the past, used a rate of $35 per hour for time spent in court as reasonable compensation for counsel. To date, there has been no occasion for the court to fix a proper hourly rate for out-of-court time expended by an attorney in preparing his case.

In fixing the amount of the award here, the court also took into consideration the following quotation from the *Johnson* case:

Adequate compensation is necessary, however, to enable an attorney to serve his client effectively and to preserve the integrity and independence of the profession. The guidelines contained herein are merely an attempt to assist in this balancing process.

We are mindful of the difficult job of the trial judge in cases of this kind, and that in all probability his decision will be totally satisfactory to no one. The cross-appeals taken in this case are witness to the usual view of parties litigant to such an award. The trial judge is necessarily called upon to question the time, expertise, and professional work of a lawyer which is always difficult and sometimes distasteful. But that is the task, and it must be kept in mind that the plaintiff has the burden of proving his entitlement to an award for attorney's fees just as he would bear the burden of proving a claim for any other money judgment. . . .

By this discussion we do not attempt to reduce the calculation of a reasonable fee to mathematical precision. Nor do we indicate that we should enter the discretionary area which the law consigns to the trial judge. *Id.* at 719–20.

Although the court has found counsel for plaintiff to be experts in their particular field, and that their professional work in connection with this case has been of the highest order, in setting the amount of the award in connection with the Harrison claim, the court has reduced the figure originally requested by plaintiff to a certain degree. The court does not doubt the amount of time which counsel for plaintiff claim to have devoted to this case, but rather questions the necessity of counsel's having to go into the issues involved in the Harrison complaint in such a thorough and time-consuming manner, as was apparently the case.

In that regard, the *Johnson* opinion again furnishes guidance to the court.

Although hours claimed or spent on a case should not be the sole basis for determining a fee, Electronics Capital Corporation v. Sheperd, 439 F.2d 692 (5th Cir. 1971), they are a necessary ingredient to be considered. The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities. If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted. It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. It's dollar value is not enhanced just because a lawyer does it. *Id.* at 717.

After traveling upon the path above charted by the court of appeals, the

court settled upon the figure of $20,000 as adequate and reasonable compensation for attorney's fees in the Harrison case.

■ The total financial burden imposed upon the Columbus Municipal School District in connection with its wrongful discharge of Mrs. Harrison is approximately $35,000. In order to avoid any significant depreciation of the services furnished by the district to its constituent schoolchildren, the court's order on this matter will provide that that portion of the court's award relating to attorney's fees and expenses shall be paid on or before February 1, 1976. first third of the allowance shall be paid within the current fiscal year of the school district. The second third shall be paid on or before February 1, 1976. The final third shall be paid on or before February 1, 1977. Each of the two deferred payments shall bear interest at six percent from this date until paid.

Turning now to the issue of attorney's fees for the plaintiffs who have prevailed in the original segment of the Baker v. Columbus case, the court has undertaken the same calculations and applied the same rules as were enunciated above with reference to the Harrison complaint. Accordingly, the plaintiffs are entitled to an award of $1,579.34 representing court costs. A further award of $5,075.41 as expenses of counsel is proper.

■ On the matter of attorney's fees, plaintiffs have furnished the court with an itemization of 1,250 hours of time expanded by counsel in pursuing the action to a successful conclusion. At a $35 per hour rate, counsel for plaintiffs would be entitled to $43,750 based upon the time claimed. In exercising the discretion vested in the trial judge under the *Johnson* decision discussed above, and in applying the same considerations as were employed in the Harrison matter, the court has determined that an allowance of $30,000 in connection with this portion of the Baker v. Columbus case is both reasonable and proper.

The $36.654.75 here assessed against the Columbus School District shall be payable in installments in exactly the same manner as the court prescribed for the costs, fees, and expenses in the Harrison matter, that is, one-third within the present fiscal year of the district, another third on or before February 1, 1976, and a final third by February 1, 1977. The award will likewise bear interest at six percent on the unpaid balance from the date of entry of this order.

## The Starkville Case

Applying the principles enunciated heretofore to the Starkville case, the court has determined that costs in the sum of $3,050.48 are proper, that allowable expenses of plaintiffs' counsel totaled $8,345.11, and that attorney's fees in the amount of $50,000, covering 2,100 hours of work would be fair and reasonable. These calculations result in a total award of $61.395.59.

■ However, in view of the fact that a portion of this court's holding in Armstead v. Starkville, reported at 325 F.Supp. 560, was reversed by the court of appeals, as reported at 461 F.2d 276, the plaintiffs did not prevail upon all the merits of the case and, under 20 U. S.C., Section 1617, are entitled to costs and attorney's fees and expenses only insofar as the acts of defendant were not in compliance with the Fourteenth Amendment.

Accordingly, the award against the Starkville School District shall be reduced by twenty-five percent to provide a final allowance of some $46,046.69. The defendant board may pay one-fourth of this $46,046.69 figure within its current fiscal year, one-fourth by January 1, 1976, one-fourth by January 1, 1977, and the final fourth no later than January 1, 1978. The deferred payments shall, from the date of entry of the court's order, bear interest at six percent.

Orders shall be issued reflecting the court's rulings as set forth hereinabove.