**Henry B. AYERS et al., Plaintiffs,**

v.

**WESTERN LINE CONSOLIDATED SCHOOL DISTRICT et al., Defendants.**

**No. GC 66–1–S.**

United States District Court, N. D. Mississippi, Greenville Division.

Aug. 29, 1975.

**1226**

Nausead Stewart, Fred L. Banks, Jr., Jackson, Miss., for plaintiffs.

J. Robertshaw, Greenville, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiff-intervenors in this cause, Mrs. Dolly W. Hodges (Hodges) and Mrs. Bessie B. Givhan (Givhan), have previously, on July 2, 1975, obtained an order from the court adjudicating that they were wrongfully discharged from their positions on the professional staff of the defendant, Western Line Consolidated School District (Western Line). At that time, the court directed that the plaintiff-intervenors be reinstated in defendant's employ and that counsel for the parties confer in an attempt to agree upon the backpay liability of the school district as well as an acceptable sum to be awarded plaintiff-intervenors as compensation for attorneys' fees. Subsequently, several reports to the court were filed which indicated that counsel had apparently agreed upon the salaries which would have been paid plaintiff-intervenors had they not been terminated from defendant's employ and upon the earnings received by plaintiff-intervenors in mitigation of their damages during the period between their termination and the date of the court's decision on the issue of liability (July 2, 1975). Additionally, plaintiff-intervenors have submitted to the court their own affidavits setting forth their attempts to mitigate damages and the extent of their earnings since the termination of their employment by the defendant school district.

Pursuant to 28 U.S.C. § 1292(a)(1), the defendant school district, on July 28, 1975, filed a notice of appeal from this court's interlocutory order of July 2, 1975, which granted plaintiff-intervenors injunctive relief in the form of reinstatement to their positions with the Western Line School District. By order of August 6, 1975, the court granted a stay pending appeal of both the previously-ordered injunctive relief and the monetary award representing backpay and attorneys' fees.

The case is now in such a posture that the court is prepared to enter its final

order and judgment, affixing the amount of the defendants' liability for backpay and attorneys' fees to be awarded plaintiff-intervenors.

Plaintiff-intervenor Hodges was terminated from defendant's employ as a guidance counselor at the conclusion of the 1971–72 school year. During the 1972–73 school year, Hodges managed to secure only part-time employment, earning a gross salary of $1,407.32. In September of 1973, however, Hodges obtained a teaching position in the public schools of Bolivar County for which her gross salary was $7,040.00 during the 1973–74 school year, and $7,412.00 during the 1974–75 school year.

■ Had Hodges been continued in her employment with Western Line, it is undisputed that her gross salary would have been $7,445.00 for 1972–73, $8,340.-00 for 1973–74, and $8,868.00 for 1974–75. The court feels Hodges, as well as Givhan, is entitled to the difference between what she would have earned had she not been wrongfully terminated by Western Line and the extent of her earnings in mitigation during the period between the date of her termination and the date of her reinstatement pursuant to the order of this court.

The court has found that plaintiff-intervenor Givhan's employment with Western Line was wrongfully terminated at the end of the 1970–71 school year. The parties agree that Givhan's gross salary, had she continued as a teacher at Western Line, would have been $7,000.00 for 1971–72, $7,360.00 for 1972–73, $7,980.00 for 1973–74 and $8,352.00 for 1974–75.

Following the loss of her job with Western Line, Givhan secured other employment for which her gross salary was $3,653.40. Givhan's employment with this third party was terminated in May of 1971 because of a reduction in staff. Thereafter, Givhan was unable to obtain employment until July of 1974 when she secured the position she now holds. Accordingly, Givhan had no earnings for the years 1972–73 and 1973–74. During 1974–75, she earned $3,858.00.

■ In the matter of calculating Givhan's backpay award, Western Line maintains that the salary which Givhan would have earned during the 1972–73 and 1973–74 school years should not be included in the award because she failed to sustain her burden to mitigate damages by seeking and obtaining other employment. Givhan's affidavit which was submitted to the court discloses that she unsuccessfully applied for at least ten (10) teaching and non-teaching positions during the years in question. The court feels Givhan's efforts in this regard were sufficient to refute defendant's contention and to sustain her burden of mitigation. Accordingly, Givhan is entitled to a backpay award which includes her putative earnings at Western Line during the 1972–73 and 1973–74 school years minus her actual earnings during the relevant time period.

When the payments are made to plaintiff-intervenors in satisfaction of the backpay awards, the normal deductions required by state and federal law (pension fund contributions, federal and state withholding taxes, etc.) shall be applied in reduction of the sums paid over to plaintiff-intervenors.

■ Counsel for plaintiff-intervenors have demanded pre-judgment interest at the rate of eight percent per annum on the backpay to be awarded. Counsel for Western Line contests the award of interest in the first instance and additionally maintains that interest, if awarded, should accrue at a rate no greater than six percent. The court, having previously faced this issue in a case involving the Columbus, Mississippi school system and having benefit of the holding on the same question in *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 263 (5th Cir. 1974), is of the opinion that pre-judgment interest should be allowed in this case. However, it is well established in this state that, in the absence of agreement of the parties to the contrary, the legal rate of interest on an ob-

ligation, debt, or judgment is six percent. Miss.Code Ann. §§ 75–17–1 and 75–17–7 (1972).

The court has calculated the amount due each plaintiff-intervenor as backpay from the figures agreed upon by the parties (excepting the amount owing Givhan for the 1972–73 and 1973–74 school years) and has determined that Givhan is entitled to the sum of $23,180.60 representing her gross salary for the years subsequent to her discharge less her actual earnings during the same period. Givhan is also entitled to an award of interest on the backpay due her in the amount of $3,355.24, calculated at six percent simple interest upon the total principal outstanding as of September 1, 1972, and each subsequent anniversary of that date to September 1, 1975.

Hodges is entitled to backpay in the amount of $8,793.68, representing the gross salary she would have earned at Western Line minus her earnings in mitigation. Calculating interest on Hodges's backpay award in the same manner as was employed for Givhan, Hodges is entitled to interest in the amount of $1,330.14.

The final issue for the court's determination in this case is the amount of attorneys' fees to be awarded plaintiff-intervenors. Counsel for plaintiff-intervenors seeks remuneration in the amount of $11,280, calculated at $40.00 per hour for 282 hours devoted to the prosecution of the lawsuit. Counsel for defendants concede that plaintiff-intervenors are entitled to attorneys' fees under the law applicable in this case but maintains that a reasonable award in this regard would be not in excess of $3,250.

■ The court has considered the question of the size of the attorneys' fees allowance in the light of the criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Applying those considerations to the case at hand, the court is inclined to disallow compensation to plaintiff-intervenors for the time devoted by counsel to the issues involved in this court's dismissal of the complaint in Civil Action No. GC 73–29–S. In that case, the court required the plaintiffs (here plaintiff-intervenors) to intervene in the instant action rather than initiate an entirely new lawsuit. *See Davis v. Board of School Commissioners*, 517 F.2d 1044 (5th Cir. 1975). Insomuch as that case was dismissed with costs to plaintiffs, the court does not believe plaintiff-intervenors are entitled to attorneys' fees for services rendered in connection therewith.

■ Further, plaintiff-intervenors failed to prevail, in this cause, on the issue of the maintainability of the action on behalf of a plaintiff class. It appears from counsel's affidavits that some fifteen to twenty hours were expended in connection with the class question. Accordingly, the court is of the opinion that compensation should not be allowed for those hours.

The court considers the $40.00 per hour fee requested by counsel for plaintiff-intervenors to be in excess of the customary fee in the Greenville, Mississippi area. It is within the personal knowledge of the court that the rate prevalent among members of the Greenville bar for courtroom work is approximately $35.00 per hour. Time spent on out-of-court matters, such as drafting pleadings, writing briefs, and traveling to and from court appearances, is customarily compensated at substantially less than $35.00 or $40.00 per hour in the Greenville area.

■ All factors considered, the court feels that plaintiff-intervenors are entitled to the sum of $8,000 as an allowance for attorneys' fees. Plaintiff-intervenors are also, of course, entitled to recover their costs of defendants. An order will be entered accordingly.