Willie Mae PAYNE et al., Plaintiffs,

v.

TRAVENOL LABORATORIES, INC., and Baxter Laboratories, Inc., Defendants.

No. DC 72–13–S.

United States District Court,
N. D. Mississippi,
Delta Division.

Dec. 8, 1976.

See also, D.C., 74 F.R.D. 14.

Richard T. Seymour, Washington, D. C., Nausead Stewart, Anderson, Banks, Nichols & Stewart, Jackson, Miss., for plaintiffs.

James L. Robertson, Campbell & DeLong, Greenville, Miss., Stephen Shulman, Cadwalader, Wickersham & Taft, Washington, D. C., for defendants.

### MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on plaintiffs' application for an award of attorney's fees, costs and expenses through April 22, 1976.

The application seeks an allowance of fees for attorneys, paralegals and law student workers in the aggregate amount of $299,320.00. Plaintiffs contend that in the action sub judice the normal fee should be multiplied by a factor from 2 to 5 because the compensation for plaintiffs' counsel was dependent upon winning the case and has been delayed over a period of years. The minimum of 2 is suggested. The requested allowance is therefore stated to be $598,640, exclusive of costs and expenses.

The action was commenced by the filing of a complaint with the clerk on March 2, 1972. The complaint charges that defendants discriminated against the original plaintiffs, James R. Williams, Willie Mae Payne and Alma J. Williams, members of the black race, in employment practices and procedure at the Travenol plant in Cleve-

land. After filing charges with the Equal Employment Opportunity Commission (EEOC) and receiving right-to-sue letters, the action was filed through the original attorneys Honorable Robert B. Fitzpatrick and Honorable Michael B. Trister of the Washington, D.C. Bar, Honorable Nausead Stewart, of the Jackson, Mississippi Bar, and Honorable Richard B. Sobol of the New Orleans, Louisiana Bar.

The plaintiffs were permitted to amend the complaint on May 1, 1973, to include a charge of discrimination on the basis of sex as well as race.

During the course of the litigation, James L. Williams and Alma J. Williams withdrew as plaintiffs in the case. Birdie Griffin and Delilah Cherry were permitted to intervene as parties plaintiff.

Ms. Stewart and Mr. Sobol remain as counsel but Mr. Fitzpatrick and Mr. Trister withdrew from the case and participated only in the early part of the litigation. Honorable Richard T. Seymour entered the action as lead counsel on April 6, 1973.

Both parties have filed with the court affidavits of attorneys who practice before this court at regular intervals and affidavits of attorneys practicing in the Washington, D.C. area.

It is shown by the affidavits of the attorneys who regularly handle business with the court, with one or two exceptions, that the prevailing rate at the Bars in the area served by the court ranges from $35.00 to $50.00 per hour. Recently for specialized representation the rate in some instances has increased to a maximum of $60.00 per hour. One attorney entered a top fee, in some cases, as high as $100.00 per hour.

The affidavits of the attorneys practicing their profession in the Washington, D.C. area, fix the going rate from $75.00 to $100.00 per hour depending upon the expertise required by the actions involved.

It is well at this point for the court to consider several well recognized rules of law pertaining to the questions before the court.

The allowance of attorney's fees and expenses in this case is authorized by statute. 42 U.S.C. § 2000e–5(k); The Civil Rights Attorney's Fees Awards Act of 1976, Pub.L. 94–559.

Section 2000e–5(k) of Title 42, U.S.C. provides:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

■ With regard to items of expense in actions such as the one sub judice, reasonable out-of-pocket expenses necessarily incurred in preparing for and conducting the litigation are recoverable. *Fairley v. Patterson*, 493 F.2d 598, 607 (5th Cir. 1974). In *Fairley* the court said:

Appropriate factors which the court may take into consideration, on remand, in determining the amount of the award of attorneys' fees were set out recently by this Court in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). Our decision in *Johnson*, however, addressed only attorneys' fees, without touching upon expenses. The large costs of a reapportionment plan is an item of expense unique to this type of suit. In light of the district court's specific invitation for the original plaintiffs to submit a plan, we think it clear that this cost is to be treated as a part of the award, and the court has determined that attorneys' fees are to be allowed.[17] 493 F.2d 598 at 607.

In footnote 17 of the above-mentioned quote, the court stated:

Costs are usually fixed and certain. In public interest litigation, especially, where an attorney may donate his legal talents, the expenses of preparing and conducting the litigation require direct out-of-pocket expenditures by a party, which should be completely recoverable. 493 F.2d at 607.

The question of the allowance of out-of-pocket expenses in the action sub judice is distinguishable from the questions involved in former cases of this court dealing with items of costs proper to be allowed pursuant to 28 U.S.C. § 1920. *See, Morris v. Carnathan*, 63 F.R.D. 374 (N.D.Miss.1974); *Rowland v. Kitchens*, 63 F.R.D. 385 (N.D. Miss.1974).

The determination of reasonable attorney's fees is left to the sound discretion of the trial court. *Weeks v. Southern Bell Telephone and Telegraph Co.*, 467 F.2d 95, 97 (5th Cir. 1972); *Culpepper v. Reynolds Metal Co.*, 442 F.2d 1078, 1081 (5th Cir. 1971).

■ The court is itself an expert on the question of reasonable attorney's fees and may consider its own knowledge and expertise and form an independent judgment either with or without the aid of testimony of witnesses as to value. *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940). *Massachusetts Mutual Life Ins. Co. v. Brock*, 405 F.2d 429, 435 (5th Cir. 1968); *Davis v. Board of School Commissioners of Mobile County*, 526 F.2d 865, 868 (5th Cir. 1976).

The proper standard for the allowance of attorney's fees in this court has been established in two reported cases. *Armstead v. Starkville Municipal Separate School District*, 395 F.Supp. 304, 309–12 (N.D.Miss. 1975) *Ayers v. Western Line Consolidated School District*, 404 F.Supp. 1225, 1228 (N.D.Miss.1975). The criteria to be applied pursuant to the rule adopted in those cases, encompasses charges which are reasonable according to the experience of attorneys who practice before the Bar of this court. This is especially true where, as here, the services are rendered before or under the control of the court and are local in nature.

The court cannot find any justification to depart from the principles adopted in *Armstead* and *Ayers*. The basic rules which governed the court's decisions in those cases and which must govern the court's determination here, are: (1) that the allowance of attorney's fees and expenses is a matter largely within the discretion of the court;

(2) that the determination in each case must be made in light of the facts peculiar to that case; (3) that the fees must be reasonable when judged by local standards; and (4) that factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) must be utilized in fixing the award.

In *Armstead* and in *Ayers,* the court disregarded the time spent by counsel on issues upon which they were unsuccessful. In *Armstead* the court made a reduction of the fee otherwise allowable because plaintiffs had not prevailed upon appeal on all merits of the case.   395 F.Supp. at 312.

In *Ayers* the court did not allow compensation for time spent by counsel in bringing a separate action on behalf of plaintiff teachers who charged that they had been wrongfully discharged on account of their race by the Western Line Consolidated School District.   The court's injunctive powers had been utilized in *Ayers,* a school desegregation case, to protect plaintiffs and members of their class from the practice of racial discrimination in the discharge of members of the faculty of the school district.   The court dismissed the separate action, *Givhan v. Western Line Consolidated School District,* No. GC 73–29–S, holding that plaintiffs' recourse was to intervene in *Ayers v. Western Line Consolidated School District,* D.C., No. GC 66–1–S, 404 F.Supp. 1225.   In *Ayers,* the court also disallowed compensation for work pertaining to the class action feature of the case, holding that plaintiffs were already members of the class protected by the court's injunction in No. GC 66–1–S, 404 F.Supp. 1225.

■ The record in this action, in the opinion of the court, does not justify an application of the rule adopted in either *Armstead* or *Ayers.* The time spent by counsel on procedural matters in the action sub judice was necessarily incurred for the proper presentation and handling of the litigation.

The court has, in the past, used a rate of $35.00 per hour as a reasonable basis for the allowance of attorney's fees.   *See Armstead v. Starkville Municipal Separate School District,* 395 F.Supp. at 312; *Ayers v. Western Line Consolidated School District,* 404 F.Supp. at 1228.

■ In *Ayers,* the court observed "[t]ime spend on out-of-court matters, such as drafting pleadings, writing briefs, and traveling to and from court appearances, is customarily compensated at substantially less than $35.00 or $40.00 per hour in the Greenville area".   404 F.Supp. at 1228.   The observation in *Ayers* must be tempered and qualified with a holding by the court that an adherence to such a rule, though supported by a local bar custom, will not apply where the application of the custom results in a hardship on counsel or in an inadequate award.

In considering the award of legal fees and expenses in the action sub judice, the court must be guided by its own decisions and the Fifth Circuit's decision in *Johnson v. Georgia Highway Express, Inc., supra.*

The action sub judice has involved many technical and complex issues which have required the services of trained and experienced personnel in a specialized field of the law.   Counsel for plaintiffs have proven to be able and resourceful.   The have diligently pursued the task at hand.   The adversaries have been of the highest caliber, quality and expertise.   This suit has been well tried and hotly contested at every stage.

■ The court must consider all factors enumerated in *Johnson* and especially the following: (1) the skill requisite to properly perform the legal service required in the case; (2) the novelty and difficulty of the questions involved; (3) the contingent nature of the compensation; and (4) the financial assistance required of counsel in properly presenting the action to the court.

■ Plaintiffs' counsel urge upon the court the use of a factor of 2 in this case, that is to say, counsel requests the court to double the usual or ordinary fee in order to compensate counsel for the prosecution of a

case where compensation is dependent upon a successful termination of the case and where there is a delay for a long period of time in the payment of the fee. The court can not adopt or accept such a proposal. Whether the fee is fixed or contingent is, however, a matter for the court's consideration, the same being one of the factors set forth in *Johnson.*

█ The court has considered all of the proceedings in the action sub judice up to and including April 22, 1976. The court has also considered affidavits and other information available to the court, briefs and memoranda of the parties and oral argument. Being now fully advised in the premises, the court is of the opinion and so finds that an allowance of attorney's fees and fees for paralegal and law student assistance shall be and the same hereby are made:

| | |
|---|---:|
| Richard T. Seymour, in the sum of | $ 90,000 |
| Robert B. Fitzpatrick, in the sum of | 8,000 |
| Richard B. Sobol, in the sum of | 2,000 |
| Michael B. Trister, in the sum of | 200 |
| Bruce Rogow, in the sum of | 150 |
| Nausead Stewart, in the sum of | 30,000 |
| Judson Minor, in the sum of | 300 |
| Martha Jenkins, in the sum of | 125 |
| Toby Edleman (including paralegal work) in the sum of | 5,000 |
| Paralegal assistance, in the sum of | 7,500 |
| Law Students | 2,500 |
| | |
| Total attorneys' fees and reimbursement for paralegals and law students | $145,725 |

The out-of-pocket expenses and costs of the case as of April 22, 1976, has been substantial. The supplemental affidavit of lead counsel filed with the clerk on August 24, 1976, reflects an itemization of the amount claimed of $36,467.49. The statement of the account as contained in the affidavit is made a part hereof to the same extent as if copied herein in full.

The major portion of the items shown on the account are supported by documentary evidence in the files of counsel.

The court has reviewed the itemization of expenses incurred and costs assessed in connection with the prosecution of the case. While the aggregate amount is large, the expenses, costs and charges do not appear to be out-of-line or excessive, taking into consideration the extensive trial preparations required by the case and the nature, extent and length of the litigation.

The court finds that the allowance of the out-of-pocket expenses, costs and other items reflected in said affidavit is proper and in accord with the principle stated in *Fairley v. Patterson, supra.*

The defendants have perfected an appeal from the court's original opinion in this case, and from the injunctive orders heretofore entered. The appeal is pending on the docket of the United States Court of Appeals for the Fifth Circuit as Cause No. 76–1801, styled *Willie Mae Payne, et al, Plaintiffs-Appellees v. Travenol Laboratories, Inc., and Baxter Laboratories, Defendants-Appellants.*

The court finds that should either or both of the parties disagree with the court's findings and order on the question of the allowance of attorney's fees, expenses and costs, that an interlocutory appeal to the Court of Appeals, pursuant to 28 U.S.C. § 1292(b) will materially advance the ultimate termination of the litigation, there being controlling questions of law as to which there is substantial grounds for a difference of opinion.

The court's order will contain a statement to this effect.

An appropriate order is being entered by the court.