MATTIE T., et al., Plaintiffs,

v.

Charles E. HOLLADAY, et al., Defendants.

No. DC 75–31–S.

United States District Court, N. D. Mississippi, Delta Division.

May 18, 1981.

Daniel Yohalem, Washington, D. C., for plaintiffs.

Giles W. Bryant, Asst. Atty. Gen., State of Mississippi, Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, Senior District Judge.

### PRELIMINARY STATEMENT

This action is before the court on plaintiffs' motion for an award of interim attorneys' fees and expenses against the state defendants.[1] The motion is based upon 42 U.S.C. § 1988, which provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318 . . ., or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The plaintiffs also move for reimbursement of their costs, taxable to defendants pursuant to 28 U.S.C. § 1920.

Plaintiffs seek an award of $165,263.39, itemized as follows:

| NAME | HOURS | BILLING RATE | FEE |
|---|---|---|---|
| Daniel Yohalem | 518.5 | $75 ($50–60 basic rate for work prior to June, 1976, adjusted for *Johnson* factors) | $ 38,887.50 |
| Daniel Yohalem | 727.75 | $100 ($75 basic rate for work after June 1, 1976, adjusted for *Johnson* factors) | 72,775.00 |
| | 142 | $30 (non-legal work) | 4,260.00 |
| Michael Trister | 94 | $78 ($100 rate reflecting *Johnson* factors, reduced by 35/45 to adjust for co-counsel status) | 7,332.00 |
| | 24 | $30 (non-legal work, November, 1974) | 720.00 |
| Rims Barber (Paralegal) | 557 | $25 | 13,925.00 |
| Shannon Ferguson (Paralegal) | 16 | $25 | 400.00 |
| David Rice (Paralegal) | 517 | $25 | 12,925.00 |
| Court Costs | | | 2,257.41 |
| Out-of-Pocket expenses | | | 9,137.78 |
| | | Subtotal: | $162,619.64 |
| Nancy Ebb | 20.25 | $75 (basic rate, not adjusted for *Johnson* factors) | $ 1,518.75 |
| Daniel Yohalem | 15 | $75 (basic rate, not adjusted for *Johnson* factors) | 1,125.00 |
| | | Subtotal: | $ 2,643.75 |
| | | Subtotal: (brought forward) | 162,619.64 |
| | | TOTAL | $165,263.39 |

---

1. The state defendants are:

Charles E. Holladay, in his official capacity as Mississippi State Superintendent of Public Education and in his official capacity as a Member of the Mississippi State Board of Education; William Allain, in his official capacity as Attorney General of the State of Mississippi and in his official capacity as a Member of the Mississippi State Board of Education; Edwin Lloyd Pittman, in his official capacity as Secretary of State of the State of Mississippi and in his official capacity as a Member of the Mississippi State Board of Education; Ralph Brewer, in his official capacity as Director of the Division of Instruction of the Mississippi State Department of Education; Walter Moore, in his official capacity as the Supervisor of Special Education Programs of the Mississippi State Department of Education; Albert J. Comfort, Jr., in his official capacity as Director of the Title I Administrative Unit of the Mississippi State Department of Education.

By order dated August 6, 1980, the action sub judice was reassigned to United States District Judge L. T. Senter, Jr., this court retaining jurisdiction only for the purpose of entertaining and disposing of the motion sub judice.

The period of time involved in the allowance of attorneys' fees and expenses upon the motion is from September, 1974, extending through the filing of the action on April 25, 1975, to the time of the reassignment of the action to Judge Senter on August 6, 1980, including attorneys' fees and expenses relating to the preparation and presentation of this motion.

The action sub judice was filed on April 25, 1975, on behalf of all school age children in the State of Mississippi who are handicapped or regarded by their schools as handicapped. The action alleged that defendants administered Mississippi's special education and Title I programs for handicapped children in violation of the Education of the Handicapped Act—20 U.S.C. §§ 1401, et seq.; Title I of the Elementary and Secondary Education Act of 1965, 20 U.S.C. §§ 241a, et seq.; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution; and the Civil Rights Act, 42 U.S.C. § 1983.

■ Subsequent to the filing of this action, extensive discovery was undertaken and plaintiffs filed and presented to the court a motion for summary judgment. The court granted the motion on July 28, 1977, and denied defendants' motion to dismiss. On February 22, 1979, this court approved a comprehensive consent decree which established a plan in compliance with the order of July 28, 1977. The consent decree settled all claims against the state defendants except "for the claims of attorneys' fees." Plaintiffs, thus became the "prevailing party" within the contemplation of Section 1988, *supra,* and an allowance of fees pendente lite is in order. *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980).

## THE ATTORNEY'S FEE AWARD.

This court said in *Payne v. Travenol Laboratories, Inc.,* 74 F.R.D. 19, 21–22 (N.D. Miss.1976):

The proper standard for the allowance of attorney's fees in this court has been established in two reported cases. *Armstead v. Starkville Municipal Separate School District,* 395 F.Supp. 304, 309–12 (N.D.Miss.1975), *Ayers v. Western Line Consolidated School District,* 404 F.Supp. 1225, 1228 (N.D.Miss.1975). The criteria to be applied pursuant to the rule adopted in those cases, encompasses charges which are reasonable according to the experience of attorneys who practice before the Bar of this court. This is especially true where, as here, the services are rendered before or under the control of the court and are local in nature.

The court cannot find any justification to depart from the principles adopted in *Armstead* and *Ayers.* The basic rules which governed the court's decisions in those cases and which must govern the court's determination here, are: (1) that the allowance of attorney's fees and expenses is a matter largely within the discretion of the court; (2) that the determination in each case must be made in light of the facts peculiar to that case; (3) that the fees must be reasonable when judged by local standards; and (4) that factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) must be utilized in fixing the award.

The court will discuss the factors established by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)[2] and their relationship to the motion sub judice.

---

2. The criteria established by *Johnson* are:
   1. The time and labor required.
   2. The novelty and difficulty of the questions.

3. The skill requisite to perform the legal service properly.
   4. The preclusion of other employment by the attorney due to acceptance of the case.

### 1.  *The Time and Labor Required.*

Mr. Yohalem, plaintiffs' lead attorney, by affidavit submitted in support of the award, has charged a total of 1403.25 hours to this case. These figures include 142 hours of not strictly legal work. Mr. Yohalem's affidavit states that the hours which he has charged to the case, except for one short period, are reflected in the time records maintained by the Children's Defense Fund (hereinafter referred to as "CDF") by which he is employed. The actual records were not submitted for the court's examination. The court is unable to determine whether the entries were made on a daily basis as the work was performed, or in some other manner. This is not to say or infer, however, that the records are inaccurate. The observation is made to clarify the record. The court has no basis upon which to question the correctness of time charged. It does not follow, however, that the court must reach the conclusion that the time charged was necessarily required for adequate representation of plaintiffs. The court should weigh the hours claimed against the court's own "knowledge, experience and expertise of the time required to complete similar activities. If more than one attorney is involved, the possibility of duplication of time should be scrutinized." *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 717.

Mr. Michael T. Trister of the Washington, D. C. Bar, counseled with Mr. Yohalem before the action was instituted, and served as co-counsel for a period of time. Mr. Trister has charged 94 hours of legal work to the action and 24 hours of non-legal work. Mr. Trister's charge for legal work includes 50 hours for which he could not locate time records in the office of the CDF. Mr. Trister considers the estimation as conservative.

Nancy Ebb of the Washington, D. C. Bar, prepared and submitted the motion sub judice and the affidavits tendered in support

thereof. The charge of 20.25 hours for this work appears to be reasonable.

Rims Barber, Shannon Ferguson and David Rice have claimed a total of 1090 hours for paralegal work in connection with the action. These individuals were employees of the CDF and assisted Mr. Yohalem in processing and preparing the action for presentation to the court. Most of their time was spent in interviews with members of the plaintiff class, investigative and counseling activities.

The court finds it unrealistic, considering the time charged to the case by plaintiff's counsel, that CDF office employees would find it necessary to devote so many hours of paralegal activities to the case.

The court finds, after a review of the entire record, that reasonable allowances for time and labor necessarily required for an adequate representation of plaintiffs by the attorneys and paralegals furnished by CDF, are:

| | | |
|---|---|---|
| (1) Mr. Yohalem: | Legal Work ...... 1100 hours<br>Non-Legal Work .. 100 hours | |
| | Total | 1200 Hours |
| (2) Mr. Trister: | Legal Work ...... 70 hours<br>Non-Legal Work .. 20 hours | |
| | Total | 90 Hours |
| (3) Nancy Ebb: | Legal Work ...... 20 hours | |
| | Total | 20 Hours |
| (4) Mr Barber: | Paralegal Work .. 400 hours | |
| | Total | 400 Hours |
| (5) Mr. Rice: | Paralegal Work .. 350 hours | |
| | Total | 350 Hours |
| (6) Shannon Ferguson: | Paralegal Work .. 16 hours | |
| | Total | 16 Hours |

### 2.  *The Novelty and Difficulty of the Questions.*

The questions involved in the action sub judice are novel, unique and difficult of determination. The questions involve

5. The customary fee.
6. Whether the fee is fixed or contingent.
7. Time limitations imposed by the client or the circumstances.
8. The amount involved and the results obtained.

9. The experience, reputation, and ability of the attorneys.
10. The "undesirability" of the case.
11. The nature and length of the professional relationship with the client.
12. Awards in similar cases.

recently enacted legislation and require detailed study and analysis. The action sub judice is one of the first, if not the first, action in the nation to enforce the Education of the Handicapped Act, 20 U.S.C. § 1401 et seq.

### 3. *The Skill Requisite to Perform the Legal Services Properly.*

The solution of the questions raised in the action sub judice required the services of competent and skillful attorneys who are well versed in the subject matter of the litigation and capable of researching and presenting the facts and law to sustain the complaint.

### 4. *The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case.*

This litigation was handled by CDF. The services of the attorneys and others who have assisted in the case have been furnished by CDF. The only preclusion of other employment because of undertaking the litigation is occasioned by the inability of the CDF to assign its employees to other cases because of the time element involved in processing the action sub judice.

### 5. *The Customary Fee.*

The issue of a "customary fee" has been before the court on numerous occasions. As this court said in *Loewen v. Turnipseed*, 505 F.Supp. 512, 516 (N.D.Miss.1980):

> The judges in this district are quite familiar with awards of attorney's fees under § 1988. Over a period of several years, this court has made awards in many civil rights cases, the amount of which reflected the prevailing rate which was in existence at that particular time. *See Willey v. Maben Manufacturing Co.*, 487 F.Supp. 1369 (N.D.Miss.1979); *Crowe v. Lucas*, 479 F.Supp. 1258 (N.D.Miss. 1979); *Cole v. Tuttle*, 462 F.Supp. 1016 (N.D.Miss.1978); *Armstrong v. Reed*, 462 F.Supp. 496 (N.D.Miss.1978); *Peacock v. Drew Municipal Separate School District*, 433 F.Supp. 1072 (N.D.Miss.1977); *Norwood v. Harrison*, 410 F.Supp. 133 (N.D. Miss.1976); *Latham v. Chandler*, 406 F.Supp. 754 (N.D.Miss.1976); *Ayers v. Western Line Consolidated School District*, 404 F.Supp. 1225 (N.D.Miss.1975); *Armstead v. Starkville Municipal Separate School District*, 395 F.Supp. 304 (N.D.Miss.1975); *Neely v. City of Grenada*, 77 F.R.D. 484 (N.D.Miss.1978); *Davis v. Reed*, 72 F.R.D. 644 (N.D.Miss.1976).

In *Tindall v. Lit Refrigeration Co., Inc.*, 507 F.Supp. 341 (N.D.Miss.1980), this court determined $50.00 per hour to be a reasonable basis for the allowance of an attorney's fee pursuant to 42 U.S.C. § 1988.

This court considered the issue sub judice in *Cantrell v. Vickers*, 524 F.Supp. 312 (N.D.Miss.1981), and determined that a fair and reasonable rate for the services of lead counsel in the case, an attorney of wide experience in civil rights cases, after making allowances for the *Johnson* factors, would range from $50.00 to $75.00 per hour. The court allowed lead counsel in the case $75.00 per hour for in-court time and $60.00 per hour for out-of-court work. For less experienced counsel, the award was based on $40.00 per hour for out-of-court work and $50.00 per hour for in-court time.

Again, during March 1981, the issue sub judice was considered by the court in *Ayers v. Western Line Consolidated School Dist.*, N.D.Miss.1981, F.Supp. (No. GC 66–1–OS–P, March 25, 1981). There, members of the Washington, D. C. Bar were of counsel for plaintiffs. Also, local counsel assisted in services rendered before the Supreme Court of the United States. The court found that fees charged by competent attorneys engaged in this district in complicated or complex litigation of the nature here involved, ranged from $40.00 to $75.00 per hour.

In the recent case of *Langdon v. The Drew Municipal Separate School District*, et al., 512 F.Supp. 1131 (N.D.Miss., 1981), Chief Judge Wm. C. Keady in a well-reasoned opinion, found attorney's fees based upon $75.00 per hour for in-court time and $60.00 per hour for out-of-court work, were reasonable and represented a proper bonus or multiplier's for a contingent fee in the

employment discrimination case under consideration.

Both parties have submitted affidavits from competent and experienced attorneys who regularly practice in all forms of litigation before this court. After a consideration of all affidavits and applying the court's general knowledge and expertise in such matters, the court concludes and finds that for services of the less experienced attorneys, a rate of $40.00 to $50.00 per hour forms a reasonable basis upon which to judge a proper fee. For the more experienced attorney a reasonable rate appears to be in the range of $50.00 to $60.00 per hour. When the *Johnson* factors are considered, a fee of $75.00 per hour for the experienced attorney and $60.00 for the attorney of lesser experience, are appropriate.

The circumstances of each case must be carefully reviewed. The court must consider in the action sub judice that practically all of the time of the attorneys has been devoted to out-of-court investigative and counselling activities, drafting of pleadings, memoranda and orders, and researching the points of law at issue. Only a minimal number of hours can be considered as in-court time.

The court has had the opportunity to consider the allowance of expenses incurred by attorneys for the services of paralegals only in a very small number of cases. In *Ayers,* the court denied compensation for services of paralegals because the court concluded that the great majority of the tasks assigned to the paralegals were clerical in nature. In *Ayers,* the record reflected that the customary rate for paralegals in the Washington area was from $17.00 to $22.00 per hour. This court allowed compensation for the services of paralegals in *Payne v. Travenol, supra* at 23, but at a much lesser rate than the request here of $25.00 per hour.

Plaintiffs have tendered the affidavit of Mr. Kenneth W. Barton, a member of the Jackson, Mississippi, firm of Butler, Snow, O'Mara, Stevens & Cannada. Mr. Barton is in charge of the paralegal employees of his firm. Mr. Barton states that his firm presently employs seven legal assistants, for whose services the firm's clients are charged from $25.00 to $35.00 per hour. Mr. Barton believes that this rate is reasonable in the Mississippi legal community. Mr. Barton's affidavit does not enlighten the court on the training, experience, or qualifications of the paralegals to which he refers, nor the type or kind of work they perform for the firm's clients.

The paralegals in the action sub judice performed investigative and counselling services for Mr. Yohalem and relieved him from the necessity of personally performing such tasks.

The court finds that a proper and reasonable basis for the allowance of compensation for the paralegals serving the CDF's employees is $20.00 per hour.

6. *Whether the Fee is Fixed or Contingent.*

As Judge Charles Clark said in *Morrow v. Finch,* 642 F.2d 823 (5th Cir. 1981):

Although plaintiffs' counsel are regular employees of an organization which conducts civil rights litigation, their ability to recover this statutory fee award is wholly contingent upon prevailing. *Harkless v. Sweeny Independent School District,* 608 F.2d 594, 596–97 (5th Cir. 1979).

Id. at 825.

7. *Time Limitations Imposed by the Clients or Other Circumstances.*

This criteria is not relevant to the fee calculation to be made in this action.

8. *The Amount Involved and the Results Obtained.*

This action involves highly significant principles of state-wide importance. Counsel for plaintiffs have been successful and have achieved total victory for members of a large state-wide class.

9. *The Experience, Reputation and Ability of the Attorneys.*

Mr. Yohalem, though a recent law school graduate and of limited trial experience at

the time the action was instituted, has demonstrated a keen insight into the issues involved and has handled the litigation in a most acceptable manner. Mr. Trister is an able and experienced attorney and bears an excellent reputation at the Bar. Ms. Ebb's presentation of the motion sub judice evidences skill and thoroughness, equal to that of counsel of extensive experience.

### 10. The "Undesirability" of the Case.

The case is not an undesirable one for the CDF. This organization specializes in the type of litigation here represented.

### 11. The Nature and Length of the Professional Relationship With the Client.

CDF has not had any former professional relationship with its clients in the action sub judice.

### 12. Awards in Similar Cases.

A discussion of this factor is included in the discussion under Paragraph "5" entitled "The Customary Fee".

█ The court finds that the application of the Johnson criteria to the facts reflected by the record sub judice justifies an award of attorney's fees as follows:

1. For the services of Mr. Yohalem:
   a. Prior to June 1, 1976, 450 hours at $60 per hour ............ $27,000.00
   b. Subsequent to June 1, 1976, 650 hours at $75 per hour ........ 45,000.00
   c. 100 hours, non-legal work at $30 per hour ................ 3,000.00

   Total for the services of Mr. Yohalem ------------- $75,000.00

2. For the services of Mr. Trister:
   a. Legal work – 70 hours at $75 per hour ................ $ 5,250.00
   b. Non-legal work – 20 hours at $30 per hour ................ 600.00

   Total for the services of Mr. Trister ---------------- $ 5,850.00

3. For the services of Ms. Ebb:
   20 hours at $75.00 per hour ....... $1,500.00
   Total for Ms. Ebb -------------- $1,500.00

Total Allowance for Attorney's Fees ----- $82,350.00

### EXPENSES

The court finds plaintiffs are entitled to an allowance of expenses, as follows:

1. Paralegal Assistance:
   a. Mr. Rims Barber 400 hours at $20.00 per hour ............. $ 8,000.00
   b. Mr. Rice, 350 hours at $20.00 per hour ............. 7,000.00

   Total Paralegal Assistance: $15,000.00

2. Travel Expenses:
   a. Mr. Yohalem ............... $ 5,564.12
   b. By others .................. 548.76

3. Non-CDF Duplication and Postage: $ 167.34

4. Marshal and Filing fee: $ 186.46

5. Depositions of:
   a. Nancy Trawick, Albert J. Comfort, Jr., and Herman K. White, taken June 24–25, 1975 (373pp) .................... $790.05
   b. Dr. Arnold C. Craddock, taken May 18, 1976 (59pp) .......... 88.50
   c. Norciva Geddie, taken May 18, 1976 (24pp) ................. 36.00
   d. William V. Plue, taken May 19, 1976 (85pp) ................. 127.50
   e. Appearance Fee and Mileage for Court Reporter for Craddock, Geddie and Plue Depositions ... 165.40
   f. Dr. Richard E. Key, taken May 17, 1976 (64pp) .............. 121.00
   g. Depositions of Ralph Brewer and Herman K. White, taken March 5, 1976 (131pp) .............. 243.50
   h. Dr. Walter Moore, taken July 21, 1977 (118pp) ................ 499.00

   Total Depositions $ 2,070.95

The court has reviewed these expenses and finds them to be reasonable and necessarily incurred by plaintiffs in the prosecution of the action sub judice.

The court will enter a formal order giving effect to the findings contained herein. The state defendants are held liable in their official capacities only. The allowance will be paid out of state funds.