**Catherine SCOTT, a minor, by her mother and next friend, Julia R. Scott, et al., Plaintiffs,**

**v.**

**WINSTON–SALEM/FORSYTH COUNTY BOARD OF EDUCATION et al., Defendants.**

**No. C–174–WS–68.**

United States District Court, M. D. North Carolina, Winston-Salem Division.

Oct. 31, 1974.

J. LeVonne Chambers and Adam Stein, Charlotte, N. C., for plaintiffs.

William F. Maready, Douglas Punger and Paul Eugene Price, Jr., Winston-Salem, N. C., and Andrew A. Vanore, Jr., Deputy Atty. Gen., North Carolina Dept. of Justice, Raleigh, N. C., for defendants.

## MEMORANDUM

GORDON, Chief Judge.

This is a typical school desegregation case commenced with the filing of a

complaint October 2, 1968, amended June 12, 1969, in which the plaintiffs prayed: for injunctive relief to the end that the Winston-Salem/Forsyth County school system be desegregated and asked the Court to retain jurisdiction until that objective was achieved; "that the plaintiffs be awarded their costs herein, including reasonable counsel fees and be granted such other and further relief as the Court may deem equitable and just." For more than three years this case was active on the court's docket, there being numerous issues presented to the Court requiring hearings and orders, eventually culminating in an order entered December 3, 1971, in which the Court found that the school system had eliminated the vestiges of a dual school system and completed the transition to a unitary system. This case has twice been reviewed on appeal to the United States Court of Appeals for the Fourth Circuit, and on one occasion it received the official attention of the Chief Justice of the United States. When first before the Court of Appeals, it was ordered in judgments filed June 10, 1971, that the plaintiffs recover their costs, there being no mention of attorneys' fees. The defendant Board of Education next appealed from an order of the District Court entered July 21, 1972, denying a motion to vacate previous orders and to allow the defendant Board of Education to implement its revised pupil assignment plan for the 1972–73 school year. On this appeal, plaintiffs requested the Court of Appeals to award double costs and counsel fees under Rules 38 and 39 of the Federal Rules of Appellate Procedure. The Court of Appeals declined to do so, but did, however, find that the plaintiffs were entitled to an allowance of attorneys' fees under § 718 of the Emergency School Aid Act of 1972 [citing *Thompson v. School Board of City of Newport News, Virginia,* 472 F.2d 177 (4th Cir. 1972)], and remanded the case, by judgment filed April 30,

1973, to this Court with directions to make a reasonable allowance of attorneys' fees for services rendered therein by plaintiffs' attorneys subsequent to June 30, 1972.

On June 11, 1973, plaintiffs' counsel filed a "Motion for Allowance of Costs, Expenses and Counsel Fees Pursuant to Mandate of the United States Court of Appeals for the Fourth Circuit," in which they itemized costs normally taxable under 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure, from inception of this case (beginning with the $15.00 filing fee) through September 15, 1972, and made their requests for counsel fees and expenses subsequent to June 30, 1972. Attorneys for the defendant Board of Education pointed out to the Court that while the opinion and judgment of the Court of Appeals did not refer to costs of the action, they assumed that plaintiffs' motion for allowance of costs was made pursuant to Rule 54, and the Court would exercise its discretion with respect to costs under this Rule. The Court was further advised that counsel did not question the plaintiffs' entitlement to attorneys' fees mandated by the Court of Appeals nor that they were entitled to be awarded the usual and customary costs. To these comments, the plaintiffs' attorney responded by letter dated June 22, 1973, addressed to the Court, saying, ". . ., we would simply like to call the court's attention to the decisions of the United States Supreme Court, *Hall v. Cole*,[1] 42 U.S.Law Week 4658 (May 21, 1973) and *Northcross v. Board of Education of the Memphis City Schools*,[2] decided by the Supreme Court on June 4, 1973."

On September 19, 1973, this Court approved a memorandum and order of the Clerk taxing costs, allowable in the Court's discretion and normally taxed in this District in such cases, pursuant to 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure, from

1. [412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702.]

2. [412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48.]

the filing of this case through the last item claimed—September 15, 1972. The Court fixed a reasonable fee for services performed by the plaintiffs' counsel between June 30, 1972, and June 11, 1973 (the date plaintiffs' counsel filed motion for allowance of counsel fees). The Court is now advised that the defendant Board of Education paid plaintiffs' counsel that portion of attorneys' fees agreed upon by the defendants to be allocable to that defendant, upon being advised by plaintiffs' counsel that they did not intend to appeal the District Court order allowing counsel fees.

The matter of costs and counsel fees in this case was then considered to have been finally resolved as to all claims from the filing of this action through June 11, 1973. On June 4, 1974, plaintiffs' counsel filed a "Motion for Allowance of Counsel Fees from the Initiation of this Action until June 30, 1972," some eight and one-half months after this matter was considered closed.

This Court has no recollection, at any time prior to June 4, 1974, during the long history of this litigation, that the plaintiffs' counsel have specifically and seriously asserted any claim of entitlement to attorneys' fees for services rendered from the date of filing of this action to the effective date of the Emergency School Aid Act of 1972 (July 1, 1972).

It was abundantly clear in this Circuit that prior to the decision of the Supreme Court in *Bradley et al v. Richmond School Board et al*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), prevailing plaintiffs' counsel were not entitled to attorneys' fees under § 718 for services prior to July 1, 1972, nor in any such case were they entitled to fees, unless a District Court found there were exceptional circumstances of the type described in *Hall v. Cole* and found by the District Court to exist in *Bradley*, as a basis for the exercise of a court's inherent equitable powers.

■ The interests of justice do not require this Court to award attorneys'

fees to the plaintiffs in the exercise of its equitable powers on the basis of any considerations or facts similar to those discussed in *Hall v. Cole* or found by the District Court to exist in *Bradley*, as exceptions to the "traditional American rule" which "ordinarily disfavors allowance of attorneys' fees in the absence of statutory or contractual authorization . . . ."

■ The law is still equally clear in this Circuit that § 718 is not to be applied retroactively, except in *Bradley* situations.

The plaintiffs' entitlement to counsel fees from October 2, 1968, through June 30, 1972, therefore, rests entirely upon § 718 as construed by *Bradley*. This Court reads *Bradley* not as requiring general retroactive application of § 718, but rather as deciding that § 718 is applicable to "a situation where the propriety of a fee award was pending resolution on appeal when the statute became law." The Court's decision was anchored on the principle that where the propriety of a fee award is pending resolution "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary."

This case is a far cry from the *Bradley* situation. In *Bradley*, the District Court, upon motion, had made an award of attorneys' fees. The Board appealed the decision, and the appeal was pending when § 718 became effective. Perfunctorily praying for attorneys' fees in the manner the plaintiffs did in their complaint and amended complaint does not present a *Bradley* situation of an unresolved live issue of "the propriety of the fee award . . . pending resolution" either before this Court or the Court of Appeals when § 718 became effective. Thus, to award the plaintiffs' attorneys' fees back to 1968 would simply apply § 718 retroactively to allow attorneys' fees to the prevailing party— which is not required by *Bradley*, nor is

it in the interests of justice and fairness.

Should it be determined that the propriety of the fee award was before the Court when § 718 became effective, the teachings of *Peggy*,[3] *Thorpe*,[4] and *Bradley*, that a court must apply the law—even changed law—in effect at the time it renders a decision, unless the result would cause manifest injustice, do not require retroactive application of § 718 to the facts in this case. The Court is persuaded that counsel for all parties had accepted the finality of the District Court's judgment on costs and attorneys' fees prior to *Bradley*. If this Court were to apply § 718 retroactively in this case, it would logically follow that in numerous desegregation cases in this District (some inactive for many years, the Court having retained jurisdiction to enforce its orders) there would logically be legitimate precedent for the prevailing plaintiffs' counsel even now to claim attorneys' fees which the Bench and Bar had heretofore considered not to be allowable. This Court cannot agree that any such result is fair or just, notwithstanding the fact that Congress changed the rule of law—effective July 1, 1972.

In this case, during the period for which fees are now claimed, the defendants, it is concluded, were following the law as they believed it to be from their study of available decisions. Reasonably, it cannot be concluded that the litigation was compelled by the school board's unreasonable "obdurate obstinacy". School boards and other local governmental agencies of necessity work under extremely limited budgets, and at this date to require substantial sums to be allocated for services long since rendered would create a burden of no small proportion. The fact the funds, from which any fee allowed would be paid, are held in trust for the public does not mitigate the burden.

Accordingly, an order will be entered.

3. United States v. Schooner Peggy, 1 Cranch 103, 5 U.S. 103, 2 L.Ed. 49 (1801).

4. *Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 89 S.Ct. 518, 21 L. Ed.2d 474 (1969).