Katie Mae Andrews PEACOCK et
al., Plaintiffs,

v.

The DREW MUNICIPAL SEPARATE
SCHOOL DISTRICT et al.,
Defendants.

No. GC 73-20-K.

United States District Court,
N. D. Mississippi,
Greenville Division.

June 29, 1977.

Charles V. McTeer, Greenville, Miss., Alma C. Campbell, Greenwood, Miss., for plaintiffs.

Rhonda Copelon, New York City, amicus curiae.

Champ T. Terney, Indianola, Miss., William A. Allain, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This cause is before the court on plaintiffs' motion for an award of attorney fees, in which plaintiffs contend that such an award is authorized by the Civil Rights Attorneys' Fee Award Act of 1976, 42 U.S.C. § 1988 as amended October 19, 1976, and the teachings of *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). A review of the prior proceedings herein is essential to proper disposition of the instant motion.

On February 20, 1973, plaintiffs filed this action challenging defendants' policy prohibiting employment of unwed parents by the Drew Municipal Separate School District. After final evidentiary hearing on May 31, 1973, the court on July 3, 1973, entered final judgment declaring the policy unconstitutional under the Equal Protection and Due Process Clauses of the Fourteenth Amendment, enjoining enforcement of the policy, and granting plaintiffs back pay and other affirmative relief.[1]

The Judgment of July 3, 1973 further provided that "The court retains continuing jurisdiction to issue such further and supplementary orders as may be necessary to effectuate this Judgment in accordance with the Memorandum Opinion filed herein."

Defendants subsequently filed timely notice of appeal of the above judgment, and plaintiffs' cross-appealed "insofar as said judgment did not . . . award plaintiff attorneys' fees."[2] By order of August

---

1. The pertinent portions of the Judgment provided:

   (2) The plaintiff, Ms. Lestine Rogers, be and she is hereby reinstated as teacher's aide in defendants' schools and adjudged entitled to recover monthly compensation of $250 for the 1972–73 school year, less any earnings she may have received in other employment since the date of her discharge. Said plaintiff, if she so desires, is entitled to be continued in the position of teacher's aide for the 1973–74 school year, except for good cause or reasons unrelated to plaintiff's status as an unwed parent, found to exist after according her a full and adequate due process hearing.

   (3) The plaintiff, Ms. Katie Mae Andrews, who would have been hired as a teacher's aide except for the unconstitutional policy, is awarded damages at the rate of $450 per month for the months embraced within the second semester of the 1972–73 school year, less any earnings she may have received in other employment during said period of time. The said plaintiff, if she wishes, shall be employed by defendants for the school year 1973–74 except for good cause or reasons unrelated to her status as an unwed parent, found to exist after a full and adequate due process hearing.

2. Because a ruling on plaintiffs' request for an award of attorney fees was not included in the judgment of July 3, the court by supplemental order of October 2, 1973, issued pursuant to the

17, 1973, the court granted defendants' motion for a stay of the judgment pending final decision on appeal.

The Fifth Circuit, on February 3, 1975, affirmed this court's final judgment, including the denial of plaintiffs' request for an award of attorney's fees. No further stay of the final judgment was sought. Defendants thereafter timely filed a petition for a writ of certiorari, which was granted on October 6, 1975. Plaintiffs chose not to pursue their claim for attorney fees before the Supreme Court.

On May 3, 1976, the writ of certiorari was dismissed as improvidently granted. Three months later, on August 3, 1976, plaintiffs, "desir[ing] to execute upon their judgment," filed a motion for leave to depose the Superintendent of the Drew School District "for the purpose of determining the amount of back pay owed them." By order of August 10, 1976, the court sustained plaintiffs' motion, and after deposing the superintendent, plaintiffs, on September 8, 1976, filed a "Request for Supplemental Relief" seeking amounts certain of back pay.[3]

On October 19, 1976, the Civil Rights Attorney's Fee Award Act of 1976 (1976 Act) providing for fee awards to successful § 1983 litigants, such as plaintiffs here, was signed into law.[4] On the basis of this legislation, plaintiffs again requested an award of reasonable attorney fees.[5]

On November 19, 1976, a hearing was held on plaintiffs' request for supplemental relief and an award of attorney fees. At that time the parties resolved the amounts of back pay due plaintiffs, and a consent order reflecting this agreement was entered by the court on December 16, 1976. Disposition of the attorney fee question was withheld pending submission by counsel of briefs on the issue.

The parties agree that the 1976 Act is applicable to actions of this type, and further agree that the Act is to be given retroactive effect in accordance with the holding of *Bradley v. Richmond School Board, supra.* Indeed, the legislative history of the 1976 Act makes it absolutely clear that the statute is to be given retroactive application in all cases pending, in a *Bradley* sense, on the date of enactment.[6]

continuing jurisdiction retained in the final judgment, specifically denied such request in order to facilitate appeal of all issues to the Fifth Circuit Court of Appeals.

3. Plaintiffs advised the court that they had no desire to return to the District as teachers' aides.

4. The Act provides:
    In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 U.S.C. §§ 1981–83, 1985, 1986], title IX of Public Law 92–318 [20 U.S.C. §§ 1681 et seq.], or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code [26 U.S.C. §§ 1 et seq.], or title VI of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000d et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

5. On November 8, 1976, plaintiffs' counsel, Charles Victor McTeer, filed a motion seeking an award of attorney fees in the amount of $33,440 for services rendered as private counsel, and an award of $35,752 to North Mississippi Rural Legal Services for work performed

by McTeer and Johnnie E. Walls, Jr. while in its employ. McTeer filed a "Supplemental Motion" on November 12, 1976, correcting the amount of fees claimed for himself to $44,560, and the amount claimed for the Legal Services to $32,552.

In addition, on November 19, 1976, McTeer filed a second "Supplemental Motion" seeking an award of attorney fees in the amount of $45,173 to the Center for Constitutional Rights as co-counsel in all proceedings before the United States Supreme Court. By order of March 20, 1973, this court granted the Center leave to participate in this action as amicus curiae. Because of the Center's amicus status in this court, we have serious doubt about the propriety of any fee award to it, but because of our holding, we need not reach this issue.

6. In the House Report on the House version of the 1976 Act, the House Committee on the Judiciary stated:
    In accordance with applicable decisions of the Supreme Court, the bill is intended to apply to all cases pending on the date of enactment as well as all future cases. *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). H.Rep. No.94–1558, 94th Cong., 2d Sess., p. 4, n. 6,

Plaintiffs apparently would have us read *Bradley* as requiring retroactive application of the 1976 Act to all cases on the court's docket at the time of its enactment, regardless of whether final judgment on all substantive issues had been entered at that time. *Bradley,* however, is not so expansive. As the Supreme Court phrased the issue there,

> The question, properly viewed, then, is not simply one relating to the propriety of retroactive application of § 718 to services rendered prior to its enactment, but rather, one relating to the applicability of that section to a situation where the propriety of a fee award was pending resolution on appeal when the statute became law. 416 U.S. at 710, 94 S.Ct. at 2015, 40 L.Ed.2d at 487.

Here, of course, the fee issue, as well as all other substantive issues, had been resolved by this court, the Court of Appeals, and by the Supreme Court (through its dismissal of the writ of certiorari) by the effective date of the 1976 Act.

■ We view *Bradley,* and therefore the legislative history of the 1976 Act, as requiring retroactive application of the Act only in those cases in which some "active" issue was pending on the date of its enactment, *Rainey v. Jackson State College,* 551 F.2d 672, 676 (5 Cir. 1977), rather than as requiring retroactive application to those cases, such as this action, where the only proceedings pending on its effective date were of a supplemental nature, e. g., proceedings to effectuate a prior final judgment.

■ We interpret "active" issue to mean a substantive claim upon which a district court has not acted, either in the first instance or on remand, or a substantive claim whose disposition by the district court, or Court of Appeals, either is on appeal or is appealable. The mere pendency on the date of enactment of an attorney fees act of supplemental proceedings to effectuate a prior final judgment is not, in our opinion, sufficient to convert an action into such a "pending action" as to warrant an award of attorney fees under such act pursuant to *Bradley*-type retroactive application of the act. *Skouras Theatres Corp. v. R–K–O Corp.,* 193 F.Supp. 401 (S.D.N.Y.1961), factually distinct from the action sub judice, nevertheless aptly states our reasoning:

> Plaintiffs contend that the . . . action continued to be pending as to the appealing defendants until the dates subsequent to the Supreme Court's denial of rehearing when consent decrees were entered against each of them. The argument is without merit. When the Supreme Court denied rehearing there were decrees in force as to these defendants which fully adjudicated the alleged . . violations. The purpose of the consent decrees that followed was merely to provide a method of enforcing the liability which had already been determined. The . . . action thus ceased to be pending against the appealing defendants. . . . when they were denied a rehearing . . . . 193 F.Supp. at 404.

Clearly, the consent decree entered here did nothing more than provide for enforcement of defendants' previously established liability. To hold otherwise would in this case produce a particularly intolerable result. As noted above, this court's final judgment was stayed pending disposition of appeal of the judgment to the Court of Appeals. The Fifth Circuit on February 3, 1975, affirmed our judgment. No further stay was sought. Thus, plaintiffs were free to effectuate their judgment for over one and one-half years prior to enactment of the 1976 Act.

U.S.Code Cong. & Admin.News 1976, p. 5908.

Similarly, in the floor debate in the Senate, Senator Abourezk—the floor manager of the bill—said:

> The Civil Rights Attorneys' Fees Award Act authorizes Federal courts to award attorneys' fees to a prevailing party in suits presently pending in the Federal courts. The application of this Act to pending cases is in conformity with the unanimous decision of the Supreme Court in *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). 122 Cong.Rec. S 17052 (September 29, 1976, daily ed.).

■ Moreover, if this court were to apply the 1976 Act retroactively on the facts of this case,

it would logically follow that in numerous desegregation cases in this District (some inactive for many years, the Court having retained jurisdiction to enforce its orders) there would logically be legitimate precedent for the prevailing plaintiffs' counsel even now to claim attorneys' fees which the Bench and Bar had heretofore considered not to be allowable.

*Scott v. Winston-Salem/Forsyth County Board of Education,* 400 F.Supp. 65, 68 (M.D.N.C.1974), aff'd 530 F.2d 969 (4 Cir. 1975). Such a principle would in these cases entitle plaintiffs who succeed in obtaining any supplemental relief in aid of a prior judgment legitimately to claim attorney fees for the entire action without regard to the fact that final judgment on all issues had been entered years before. This court cannot sanction any such result.

Our holding, regardless of plaintiffs' assertions to the contrary, is wholly consistent with prior decisions in this district cited by plaintiffs on retroactive application of statutes authorizing awards of counsel fees, viz., *Latham v. Chandler,* 406 F.Supp. 754 (N.D.Miss.1976), and *Armstead v. Starkville Municipal Separate School District,* 395 F.Supp. 304 (N.D.Miss.1975). In *Latham,* which dealt with retroactive application of 42 U.S.C. § 1973*l*(e), providing for award of attorney fees in voting rights cases, plaintiffs' attorneys moved for an award of attorney fees on the basis of just-enacted § 1973*l*(e) after entry of a preliminary injunction and an initial denial of fees, but prior to certification of the case as a class action and entry of final judgment. Pursuant to *Bradley v. Richmond School Board, supra,* we held that

Because of the law change following our initial refusal to grant attorney fees at the time of the preliminary hearing, we now exercise our discretion to allow an award of attorney fees under the statute.

. . . That all professional services were virtually rendered prior to the enactment of the statute does not make the award inequitable, particularly since the case is one in which final relief is yet to be granted.

406 F.Supp. at 756. Thus, at the time of the award in *Latham,* the issue of attorney fees doubtless was an active issue.

Similarly, *Armstead,* involving retroactive application of 20 U.S.C. § 1617, providing for fee awards in certain actions to eliminate discrimination in elementary and secondary education in the basis of race, color, or national origin, was a pending case in the *Bradley* sense on the effective date of § 1617, which was subsequent to entry of final judgment on the merits and affirmance of such judgment by the Court of Appeals, as "in both these cases the issues of the allowance of attorney's fees were specifically reserved for determination at a date subsequent to the disposition of the appeals by the Fifth Circuit." 395 F.Supp. at 308. Clearly, the fee issue was an active issue in such a situation.

All other retroactivity cases relied upon by plaintiffs also are for like reasons not inconsistent with our holding here.[7]

■ The foregoing portions of this opinion do not foreclose an award of attorney fees to plaintiffs' counsel for services rendered in connection with the supplemental proceeding instituted pursuant to the court's retained jurisdiction in order to effectuate the prior final judgment. We view such proceedings as independent proceedings supplemental to the original proceedings. As such, these proceedings may generate a new appealable order, or series of appealable orders. Logically, if a plaintiff prevailing in such an independent supplemental proceeding timely requests an award of counsel fees, authorized by statute or otherwise, for services performed in obtaining a supplemental order, the fee re-

---

7. One unreported case relied upon by plaintiffs, *Ortiz v. New York State Board of Elections,* Civ. No. 74–455 (W.D.N.Y. November 11, 1976) does not state sufficient facts to enable us to determine whether or not it is inconsistent with this opinion. To the extent that it might be inconsistent, we respectfully decline to follow it.

quest becomes an active issue with regard to the supplemental proceeding, but only with regard to the supplemental proceeding. Thus, in the situation presented here, *Bradley* directs retroactive application of the 1976 Act to permit an award of reasonable attorney fees incurred by plaintiff in connection with the supplemental proceeding herein.

The affidavit of plaintiffs' attorney McTeer represents that some 15 hours of out-of-court time were expended in connection with the supplemental proceeding. We accept this as a reasonable figure, recognizing that a substantial portion of his time was spent in attempting to achieve non-judicial effectuation of plaintiffs' judgment. Plaintiffs also are entitled to a reasonable fee for the time spent by their attorney in preparation for and attendance of the November 19, 1976 hearing on plaintiffs' request for supplemental relief. The court finds a fair allowance of time for such services to be three hours.

The fact that plaintiffs' efforts culminated in entry of a consent order on back pay in our opinion has no effect on plaintiffs' entitlement to an award of fees. See *Davis v. Reed*, 72 F.R.D. 644 (N.D.Miss. 1976); *Aspira of New York, Inc. v. Board of Education of City of New York*, 65 F.R.D. 541 (S.D.N.Y.1975).

In this district, reasonable compensation for out-of-court time is $25 per hour; for in-court time, $40 per hour is a reasonable figure, *Davis v. Reed, supra.* Plaintiffs are therefore entitled to an award of $500 as a reasonable attorney fee incurred in the supplemental proceeding in this cause.

An order will be entered accordingly.