**Hector ESCAMILLA et al.,
Plaintiffs-Appellees,**

v.

**Alberto SANTOS, Webb County Judge,
et al., Defendants-Appellants.**

**No. 78–1649
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

March 22, 1979.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Richard G. Morales, Sr., Asst. County Atty., Laredo, Tex., for defendants-appellants.

Ricardo E. De Anda, Laredo, Tex., Paul D. Rich, Texas Rural Legal Aid, Crystal City, Tex., Lee J. Teran, for plaintiffs-appellees.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

This is an attorneys' fees case pursuant to 42 U.S.C. § 1988, as amended by the Civil Rights Attorneys' Fees Award Act of 1976, P.L. 94–559 (Act).

On July 29, 1974, the plaintiffs, prisoners of the Webb County jail, filed a § 1983 action against various Webb County officials. The suit alleged intolerable living conditions in the Webb County jail in violation of the eighth amendment. After two years of litigation, the parties entered into a consent decree. This decree was approved and signed by the trial judge on July 29, 1976. The consent decree reserved the question of attorneys' fees, and on the same day, the trial court conducted a hearing to determine whether attorneys' fees were appropriate. Based upon existing law, the trial court entered a memorandum opinion on August 30, 1976, denying the plaintiffs' request for attorneys' fees.

On October 19, 1976, the Civil Rights Attorneys' Fees Award Act of 1976 was signed into law. Pursuant to this legislation, the plaintiffs moved for reconsideration of their request for attorneys' fees. After a hearing the district court entered a memorandum opinion awarding attorneys' fees. The district court held:

> the court's memorandum and order of August 30, 1976, was not a final judgment, since a judgment or order as to this issue was not set out on a separate document as required by F.R.Civ.P. Rule 58, and so it was not, and is not yet, a final appealable judgment. *Sassoon v. United States*, 549 F.2d 983 (5 Cir. 1977).

After *Bankers Trust v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), it is clear that a memorandum opinion will be considered a final judgment despite the district court's failure to follow the separate document requirement of Rule 58 F.R.Civ.P., if the district court intended the memorandum opinion to represent a final judgment and the parties treated it as such. 98 S.Ct. at 1121. Since the district court's memorandum opinion of August 30, 1976, disposed of all the issues raised by all of the parties and an order denying attor-

neys' fees was entered in the docket book, we conclude that the district court intended its memorandum opinion to be a final judgment. Certainly, there can be no doubt that the plaintiffs also considered the August 30, 1976, memorandum a final judgment, as their motion for reconsideration states that they did not appeal from the August 30, 1976, memorandum opinion because "such an appeal would have been frivolous and an abuse of the judicial process," in light of the extensive hearing and the "well-reasoned and legally correct conclusions entered by the Court."

Given the Supreme Court's position in *Mallis*, we conclude that the district court erred in his conclusion that he retained jurisdiction to award attorneys' fees.

Alternatively, the plaintiffs argue that even if the August 30, 1976, judgment was a final judgment, the district court was empowered under Rule 60(b) to reopen the attorneys' fees issue.

We need not decide if Rule 60(b) F.R.Civ.P. empowers the district court to reopen the attorneys' fees issue because even if the court had power under this rule to reopen the issue, it erred in awarding attorneys' fees. Since plaintiffs were "prevailing parties," they were entitled to attorneys' fees under the Act *if* their case was *pending* at the time the Act became law. *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 2576 n.23, 57 L.Ed.2d 522, 537 n.23 (1978); *Bradley v. Richmond School Board*, 416 U.S. 696, 715–16, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1973); *Morrow v. Dillard*, 580 F.2d 1284, 1300–01 (5 Cir. 1978). At the time the Act became law there were no issues pending before the district court.[1] *See Henry v. Clarksdale Municipal School District*, 579 F.2d 916, 918–19 (5 Cir. 1978); *Peacock v. Drew Municipal Separate School District*, 433 F.Supp. 1072, 1075–76 (N.D.Miss.1977).

We therefore conclude that the district court erred in awarding attorneys' fees.
REVERSED.

---

1. The plaintiffs' October 1, 1976, motion concerning the appellants' failure to comply with the consent decree is in the nature of a supplemental proceeding to effectuate the prior consent judgment and is insufficient to make a pending active issue. *See Peacock v. Drew Municipal Separate School District, supra.*

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.