Hayes WILLIAMS et al.

v.

John J. McKEITHEN et al.

Civ. A. No. 71–98–B.

United States District Court,
M. D. Louisiana.

Aug. 4, 1980.
Supplemental Opinion Aug. 5, 1980.

David L. Morgan, Jr., New Orleans, La., for plaintiffs.

J. Marvin Montgomery, Asst. Atty. Gen., State of La., Baton Rouge, La., for defendants.

POLOZOLA, District Judge:

The facts of this case have previously been set forth in the Court's opinion of June 10, 1975, *Williams v. McKeithen*, CA 71–98 (M.D. La. 1975) and in the opinion of the Fifth Circuit Court of Appeals. *Williams v. Edwards*, 547 F.2d 1206 (5 Cir. 1977). Because the prayer sought injunctive relief and damages for the named individual plaintiffs, the Court bifurcated the trial on these two claims. The decisions previously rendered by the Court were limited to the injunctive relief sought by the plaintiffs. Plaintiffs' claims for damages are still pending. Plaintiffs then filed a motion for attorney's fees in connection with the injunctive relief claim. No attorney's fees are being requested at this time for the damage claims. Thus, the sole issue now before the Court is whether counsel for plaintiffs is entitled to an attorney's fee in connection with plaintiffs' claim for injunctive relief, and, if so, the amount of the award.

■ The Civil Rights Attorney's Fees Awards Act of 1976, as codified at 42 U.S.C. § 1988, permits the district court, in its discretion, to award attorney's fees to a "prevailing party" as part of the costs of the suit in actions brought pursuant to 42 U.S.C. § 1983 if the case was pending at the time the Act became law. *Escamilla v. Santos*, 591 F.2d 1086 (5 Cir. 1979); *Morrow v. Dillard*, 580 F.2d 1284 (5 Cir. 1978). The Eleventh Amendment is no longer a bar to such an award. *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) reh.

denied 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83; *Morrow v. Dillard*, supra.

Therefore, the Court finds that plaintiffs are entitled to receive attorney's fees in this case.

■ The factors to be considered by the district court in determining the amount of attorney's fees to award the prevailing party are set forth in *Johnson v. Georgia Highway Express*, Inc., 488 F.2d 714 (5 Cir. 1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

■ A pre-trial order was filed by the parties. Included in the pre-trial order was a stipulation agreed to by the parties. This stipulation sets forth facts which pertain to each of the factors this Court must consider under the *Johnson* case. The Court hereby adopts the following stipulation of the parties as its own findings of fact:

"6. The following facts are established by the pleadings, by admission, or by stipulations of counsel:

(a) Plaintiffs are prevailing parties when [sic] in the meaning of 42 U.S.C. § 1988.

(b) This law suit was commenced on March 26, 1971. From March 26, 1971 to May 10, 1971 the proceedings dealt primarily with the damage aspects of the case. On May 21, 1973 the U.S. Department of Justice intervened. On June 29, 1973 the Court, sua sponte, ordered the U.S. Department of Justice to actively participate as amicus curiae on all issues concerning conditions of inmate confinement and treatment at Angola.

(c) This case was bifurcated with the injunctive relief issues of the case being handled separately from the tort or damage issues.

(d) On December 3 & 4, 1973 the case was tried on its merits by a Special Master. On June 10, 1975 the Court adopted the Master's finding of fact and conclusions of law on the conditions of confinement and treatment of prisoners at Angola. The Court then entered a sweeping injunctive order designed to improve all conditions of confinement and treatment of prisoners at Angola.

(e) The tort or damages issues have been submitted to the Court but have never been ruled on.

(f) Plaintiffs' motion for attorney fees is limited only to the time spent on the conditions of confinement or treatment issues and is inclusive from March 26, 1971 to present time.

(g) The total number of hours spent by plaintiffs' attorney on the entire case are: 1971—208.3 hours; 1972—92.8 hours; 1973—193.9 hours; 1974—116.7 hours; 1975—554.7 hours; 1976—89.6 hours; 1977—105.0 hours. This comes to a total of 1,361.0 hours spent by plaintiffs' attorney on the entire case.

(h) The total number of hours spent in this case by plaintiffs' attorney has been broken down into the time spent on the injunctive related issues and the time spent on the tort or damage related issues. The division was made as follows: in 1971, 72 and 73, 35% of plaintiffs' attorney's time was spent on the injunctive related issues and 65% of the time spent on the tort or damage issues. For 1974, 75, 76 and 77, 95% of plaintiffs' attorneys time was spent on the injunctive related issues and 5% of the time spent on the tort or damage related issues.

(i) The total number of hours spent by plaintiffs' attorney on the injunctive related issues are: 1971—72.905 hours; 1972—32.48 hours; 1973—67.865 hours; 1974—110.85 hours; 1975—526.965 hours; 1976—85.12 hours; 1977—99.75 hours. This comes to a total of 996.3 hours.

(j) The hourly rate charged by plaintiffs' attorney, which was a prevailing rate for a person of his age and experience, was: 1971 & 72—$35.00 per hour; 1973—$40.00 per hour; 1974—$45.00 per hour; 1975—$50.00 per hour; 1976—$60.00 per hour; 1977—$65.00 per hour. The $60.00 per hour charge in 1976 was due to the fact that the work was related to the appeal of this case by defendants to United States Fifth Circuit Court of Appeals.

(k) Plaintiffs' attorney incurred expenses of $71.58.

(l) At the time this suit was filed, plaintiffs' attorney, who had been admitted to the bar in 1965, had been practicing for 6 years. He had, however, no previous experience in prison civil rights litigation.

(m) A considerable majority of the skilled [sic] and expertise necessary to obtain the injunctive relief which was obtained came from the attorneys for the United States Department of Justice. Without their help and assistance many of the things actually achieved could not have been accomplished. The issues presented for determination was [sic] both complicated and difficult to resolve and involved novel and difficult questions of law.

(n) Throughout the course and scope of this litigation plaintiffs' counsel was required to devote his utmost undivided time and attention to the complicated issues presented for determination and, quite frequently, he was precluded from accepting other fee-generating cases.

(o) When the plaintiffs' attorney took this case the fee was contingent [sic] upon the overall recovery. No seperate [sic] fee is to be charged to the plaintiffs for their counsel's handling of the injunctive portion of the case.

(p) The time limitation imposed by the overall circumstances quite frequently prevented plaintiffs' counsel from participating in other fee-generating cases.

(q) The relief obtained by the plaintiffs was a sweeping 15 page injunctive order covering all aspects of the conditions of confinement and treatment of inmates at Angola. As a result of this order the penitentiary has been brought up to constitutional standards with reduced inmate violence and a substantial improvement in the living conditions for inmates at Angola.

(r) Counsel for plaintiffs is a very reputable member of the Louisiana State Bar Association and is authorized to practice law in all of the Louisiana Courts, the United States Courts for the Eastern and Middle District of Louisiana, The United States Court of Appeals for the Fifth Circuit [sic], and The United States Supreme Court. Plaintiffs' attorney has practiced law since 1965.

(s) This has not been one of the most desirable cases to handle, has presented many hardships and obsticals [sic] throughout the protracted litigation.

(t) Counsel has continued to represent the original plaintiffs or the heirs [sic] of the original plaintiffs since this suit was filed." (Pre-trial Order, July 14, 1980, ¶ 6)

Considering the above facts and the criteria set forth in *Johnson*, the Court finds that plaintiffs are entitled to an award of attorney's fees for the injunction claim in the sum of $27,500. This award includes services rendered by counsel for plaintiffs in the district court and in the Court of Appeals from March 26, 1971 to the present time. In setting this award the Court also took into consideration an additional matter which cannot be overlooked or minimized. The Court is impressed with the candid admission of counsel for plaintiffs acknowledging the help and assistance he obtained from the attorneys for the United States Department of Justice. It is clear that without the assistance of the Justice Department attorneys, many of the things actually achieved could not have been accomplished. The Court must also note that the defendants have exerted every effort to comply with the order issued by the Court. In fact, the defendants acted to correct certain conditions complained of during the time the law suit was pending and before the injunction was issued. The joint and cooperative effort of the Governor of Louisiana, the Louisiana Legislature, the Louisiana Department of Corrections, the state fire marshal, health officer and the Attorney General's office working with the Court, the Justice Department attorneys and counsel for plaintiffs have, thus far, eliminated many of the conditions complained of in this suit. Plans to eliminate the conditions which still need to be corrected have already been or shortly will be implemented.

Based on the above considerations, the Court feels the award of $27,500.00 is fair and just under the facts of this case.

Therefore:

It is the judgment of this Court that the plaintiffs are entitled to an award of attorney's fees in the sum of $27,500.00 from the defendants.

Judgment shall be entered accordingly.

## SUPPLEMENTAL OPINION

■ On August 4, 1980, the Court awarded the plaintiffs the sum of $27,500.00 for attorney's fees in accordance with 42 U.S.C. § 1988. The Court failed to designate which of the defendants would be liable for these attorney's fees and in what capacity.

The Court now finds that the attorney's fees awarded herein shall be paid from funds of the Louisiana Department of Corrections. *Gary W. v. State of Louisiana*, 622 F.2d 804 (5 Cir. 1980). Thus, the Court shall now issue an order directed to the Secretary for the Department of Corrections to pay the attorney's fees awarded herein from the state funds of the Louisiana Department of Corrections. Although

the defendants have not yet objected to the payment of these fees out of state funds on the ground that the Louisiana Constitution prohibits the payment of judgments against the state except from funds appropriated for that purpose by the legislature, the Fifth Circuit Court of Appeals has recently ruled that such a defense is without merit. *Gary W. v. State of Louisiana,* supra. The Court, in the *Gary W.* case, concluded its opinion by stating that "an order directing the responsible state official to satisfy the judgment out of state funds is the only reasonable way to insure compliance with a valid federal judgment." *Gary W. v. State of Louisiana,* supra at p. 807. See also, *Gates v. Collier,* 616 F.2d 1268 (5 Cir. 1980).

The individual defendants named in this suit shall not be personally liable for the attorney's fees awarded in this case.

Therefore, a judgment shall be entered directing C. Paul Phelps, in his official capacity as Secretary of the Louisiana Department of Corrections, to pay out of state funds allocated to the Louisiana Department of Corrections the sum of $27,500.00 to David L. Morgan, Esq., attorney for plaintiffs for attorney's fees incurred in this case.

Judgment shall be entered accordingly.