Joseph **TAYLOR** et al., Plaintiffs-Appellees, Cross Appellants,

v.

W. L. **STERRETT** et al., Defendants-Appellees,

Garry Weber, County Judge of Dallas Co., Jim Jackson, Nancy Judy, Jim Tyson, Roy Orr, etc., Defendants-Appellants, Cross Appellees.

No. 79–3851.

United States Court of Appeals, Fifth Circuit. Unit A

March 25, 1981.

Rehearings Denied May 19, 1981.

Earl Luna, Thomas V. Murto, III, Dallas, Tex., for defendants-appellants, cross appellees.

Jordan, Rubin & Pace, John F. Jordan, Dallas, Tex., Joel Berger, Jack Greenberg, James M. Nabrit, III, Charles Stephen Ralston, New York City, Jarilyn Catherine Dupont, Dallas Legal Services Foundation, Inc., Dallas, Tex., for plaintiffs-appellees, cross appellants.

Before BROWN, COLEMAN and GEE, Circuit Judges.

COLEMAN, Circuit Judge.

This case was originally brought as a challenge to conditions in the Dallas County, Texas, jail system. Once more it appears here after protracted litigation over a period of nearly ten years, including four previous appeals to this Court. After the final appellate decision on the merits, the District Court awarded fees to John Jordan, an attorney for the plaintiff class, for time spent on the case from June 11, 1974, to July 30, 1979. It denied an award of fees to Dallas Legal Services Foundation, Inc. (hereinafter DLSF) and to NAACP Legal Defense and Educational Fund, Inc. (hereinafter LDF), two organizations which had also participated to some extent in behalf of the plaintiff class.

The defendants, the Commissioners Court of Dallas County, challenge the award of fees to Jordan on grounds that (1) the District Court had no jurisdiction to award fees while the case was on appeal; (2) only supplemental enforcement proceedings were pending on the effective date of § 1988; (3) plaintiffs did not prevail in these proceedings; and (4) if plaintiffs could be considered to have prevailed in the supplemental proceedings, Jordan should only recover fees for time spent between June 11, 1974, and December 31, 1976. DLSF and LDF cross appeal, arguing that (1) non-profit legal service organizations, including federally-funded projects, may recover fees on the same basis as private attorneys; (2) the District Court failed to make findings on the criteria set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974); and (3) there are no special circumstances warranting denial of fees.

We affirm the denial of fees to LDF and DLSF. We reverse and remand the award to Jordan for a reduction of amount allowed him.

## I. *History*

This was a class action by inmates of the Dallas County Jail against the Dallas County Commissioners Court and other county officials, challenging the conditions there as violative of the Constitution and of Texas law. It initially filed on October 26, 1971. The complaint requested attorney's fees on behalf of John Jordan, an employee of DLSF (Jordan went into private practice in June, 1974, but the Court requested that he continue to represent the plaintiff class). After trial on the merits, the District Court in a memorandum opinion and judgment filed June 5, 1972, held that the jail did not comply with state law and ordered modification of the physical facilities and changes in jail procedure; attorney's fees were denied. *Taylor v. Sterrett,* 344 F.Supp. 411, 421, 423 (N.D.Tex.1972). Defendants appealed.

On appeal, the Fifth Circuit affirmed in part, vacated in part, and remanded for exercise of a retained jurisdiction. *Taylor v. Sterrett,* 499 F.2d 367, 369 (5th Cir. 1974), *cert. denied sub nom.* 420 U.S. 983, 95 S.Ct. 1414, 43 L.Ed.2d 665 (1975). On remand, the District Court entered an amended judgment containing the required changes. Defendants again appealed. On this appeal, the Fifth Circuit modified and affirmed part of the amended judgment and vacated and remanded part of it. *Taylor v. Sterrett,* 532 F.2d 462, 484 (5th Cir. 1976). On July 20, 1976, the District Court entered an amended order conforming to the appellate decision. There was no appeal from this amended judgment. The denial of attorney's fees in the original judgment was not questioned either on the first or the second appeal. The two amended judgments neither reserved the question nor altered the denial of fees.

*Enforcement* proceedings began on June 24, 1974. The defendants were ordered to file reports on their progress at specified intervals. At times, plaintiffs would respond, the Court would hold hearings on the reports, and would issue an order commenting on the report and identifying topics to be discussed in the next report. On August 15, 1974, Jordan filed a motion for attorney's fees for time spent in preparation for defendants' August 15, 1974, report and for subsequent proceedings. Apparently, this motion was never acted upon by the District Court.

In 1976, two groups of property owners protesting the proposed conversion of a vacant hospital into a minimum security jail sought intervention in the federal court case. Plaintiffs opposed this intervention. The District Court denied intervention, but, upon defendants' motion, joined both as third-party defendants. The Fifth Circuit vacated this order of joinder. The challenges were then tried in state court with the county officials prevailing. *Oak Lawn Preservation Society v. Bd. of Mgrs. of Dallas Cty. Hosp.*, 566 S.W.2d 315, 318 (Tex.Civ. App.1978), *writ ref'd n. r. e.*

On February 1, 1977, the plaintiffs filed a § 1988 motion for attorney's fees for time spent on the case from October 19, 1976 to the end of the case. On February 8, 1977, the District Court, disappointed with defendants' progress, appointed a special master to gather information concerning jail facilities and operations. The special master's report was filed April 15, 1977. The county responded, pointing out that Texas had established an agency to promulgate and enforce jail standards, and requested the Court to decline to retain further jurisdiction of the case. The Court's April 27 order (entered as a separate order May 12 upon defendants' request) approved the special master's report, ordered the Commissioners' Court to buy land and adopt a plan for a new jail within three months, and directed the sheriff not to accept new inmates when the present jail was full to capacity. Defendants then appealed from these two orders. During the pendency of this appeal, the enforcement procedure continued as before.

Jordan, Stanley Bass, LDF staff attorney, and Betsy Julian, DLSF staff attorney, filed an amended motion for attorney's fees on July 3, 1979, requesting fees for services rendered from October 26, 1971, future services, and past and future appeals. Each attorney filed affidavits and memoranda detailing time spent on the case and discussing application of the *Johnson* factors. The hearing on the motions was held August 29, 1979.

On August 16, 1979, the Fifth Circuit rendered its opinion on the county's latest appeal. Convinced that the District Court's role in improving the Dallas County jail had been completed and that control of the jail system should be returned to state and local officials, the Court vacated the April 27 and May 12 orders and all other orders and stays still in effect. The case was remanded "with directions to the district court to discontinue the further exercise of its retained jurisdiction and to dismiss the cause." *Taylor v. Sterrett*, 600 F.2d 1135, 1141, 1145–46 (5th Cir. 1979).

On October 23, 1979, the District Court found that the case had been pending on the effective date of § 1988, that the plaintiff class had prevailed, and awarded fees of $26,417.50 to John Jordan for all time spent on the case from June 11, 1974, to July 30, 1979, and denied fees to DLSF and LDF. DLSF was denied fees because the Court found, *inter alia*, that there was no need for its services in that period because Jordan was capable of and did continue as plaintiffs' primary counsel at the Court's request. No reason was given for denying fees to LDF. The mandate pursuant to our August 19 opinion reached the District Court on October 25 and the case was dismissed on October 29.

II. *Jurisdiction of the District Court*

On appeal of the April 27 and May 12 orders, the Court held that these orders were appealable under 28 U.S.C. § 1292(a)(1) (1976) as interlocutory orders modifying the 1972 injunction and, "necessarily" construing the orders as denying defendants' request that the district court decline to retain jurisdiction, as refusals to dissolve or modify an injunction. 600 F.2d at 1140, 1140 n.10. Under this construction, it appears the appeal of the April 27 and May 12 orders involved only those orders and subsequent ones; previous orders were not involved in the appeal. It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. 9 Moore's Federal Practice ¶ 203.11, at 3–44 (2d ed. 1980). However,

where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal. 9 Moore's Federal Practice, *supra*, at 3–54 (2d ed. 1980). Therefore, the District Court was divested of jurisdiction only as to matters relating to the April 27 and May 12 orders and subsequent orders and, for that reason, fees cannot be recovered for work relating to these orders. The Court still had jurisdiction as to previous orders and could award fees for work relating to these prior orders.

## III. *Attorney's Fees*

### A. 42 U.S.C. § 1988

■ 42 U.S.C. § 1988, as amended October 19, 1976, provides in pertinent part:

> ... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, Title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fees as part of the fees.

This Court has held that the decision to award attorney's fees is delegated to the discretion of the trial court, and its decision will not be disturbed absent an abuse of that discretion. *See, e. g., Harkless v. Sweeny Independent School District,* 608 F.2d 594, 596 (5th Cir. 1979); *Morrow v. Dillard,* 580 F.2d 1284, 1300 (5th Cir. 1978). Nonetheless, a successful civil rights plaintiff should ordinarily recover an attorney's fees under § 1988 unless special circumstances would render such an awardunjust. S.Rep.No.94–1011, 94th Cong., 2d Sess., 4, reprinted in [1976] U.S.Code Cong. & Ad. News 5908, 5912; e. g., *Robinson v. Kimbrough,* 620 F.2d 468, 470 (5th Cir. 1980); *Crowe v. Lucas,* 595 F.2d 985, 993 (5th Cir. 1979).

### B. *Pendency*

The amended version of § 1988 applies to all cases pending on the effective date. *Hutto v. Finney,* 437 U.S. 678, 694 n.23, 98 S.Ct. 2565, 2575 n.23, 57 L.Ed.2d 522 (1978), quoting H.R.Rep.No.94–1558, p. 4 n.6 (1976); *Escamilla v. Santos,* 591 F.2d 1086, 1088 (5th Cir. 1979). A determination of pendency here will effectively decide the outcome of this appeal.

■ A case is considered to be pending if a motion for attorney's fees for the initial case in unresolved or is on appeal on October 19, 1976. *Gore v. Turner,* 563 F.2d 159, 163 (5th Cir. 1977); *Brown v. Culpepper,* 559 F.2d 274, 276 (5th Cir. 1977); *Rainey v. Jackson State College,* 551 F.2d 672, 676 (5th Cir. 1977).[1] However, according to *Escamilla v. Santos,* 591 F.2d at 1088, and *Peacock v. Drew Municipal Separate School District,* 433 F.Supp. 1072, 1075–76 (N.D. Miss.1977) cited with approval in *Escamilla,* only the supplemental proceedings to enforce compliance with the District Court's judgment were pending on October 19, 1976. According to *Peacock* :

> The mere pendency on the date of enactment of an attorney fees act of supplemental proceedings to effectuate a prior final judgment [which had included a denial of attorney's fees] is not, in our opinion, sufficient to convert an action into such a "pending action" as to warrant an award of attorney fees under such act pursuant to *Bradley*-type retroactive application of the Act.

433 F.Supp. at 1075. *Peacock* went on to say that if a party prevailed in supplemental proceedings which were pending on the effective date, then attorney's fees could be awarded for the supplemental proceedings, but *only* for those proceedings. *Id.* at 1076–77. Similarly, this Court, in *Escamilla,* noted that pendency of a motion concerning appellant's failure to comply with a consent decree was in the nature of a supplemental proceedings only and, therefore, cannot be used to make the entire case pending.

---

1. The August 15, 1974, attorney's fees motion was still pending on October 19, 1976, but that motion requested fees for time spent in the enforcement proceedings only and, therefore, cannot be used to make the entire case pending.

plemental proceeding to effectuate a prior consent judgment and was, therefore, insufficient to support award of attorney's fees for the initial case. 591 F.2d at 1087–88. A final judgment denying fees had already been rendered prior to passage of the amended version of § 1988. *Id.* at 1087.

█ In the case under consideration, attorney's fees for the initial case had been denied as late as July 20, 1976 (date of the last amended order of the District Court); this denial was never appealed. The initial segment of this case had, therefore, been concluded on that date; the only pending active issue on October 19, 1976, was the supplemental enforcement proceedings begun on June 24, 1974, with the District Court ordering defendants to begin compliance with portions of the June 5, 1972, judgment.

*Corpus v. Estelle,* 605 F.2d 175 (5th Cir. 1979), *cert. denied sub nom. Estelle v. Corpus,* 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980), may appear to be the contrary since attorney's fees were awarded for work done in the initial case and in the supplemental proceedings even though the initial case had been concluded in 1971. 605 F.2d at 176. However, attorney's fees apparently had not been requested until conclusion of the enforcement proceedings. *Id.* at 176–77. Thus, it is necessary, according to *Robinson v. Kimbrough,* 620 F.2d 468 (5th Cir. 1980), to determine whether the attorney's fees issue has been decided for the initial case; if this question has not been decided, then apparently this unresolved issue is sufficient to make the entire case pending. *Id.* at 475, citing, *inter alia, Corpus v. Estelle.* On the other hand, if the Court has finally disposed of all issues, including the attorney's fee issue, prior to the effective date of § 1988, then supplemental proceedings to effectuate a prior final judgment are independent of the original action and cannot be used to make the entire case pending. *Id.* Attorney's fees may then be awarded only if these proceedings are pending on the effective date. *Id.*

*Miller v. Carson,* 628 F.2d 346 (5th Cir. 1980), although urged by appellee at oral argument as authority for the proposition that a case should not be divided into the initial and supplemental proceeding stage in order to determine pendency, provides no support for appellee's position. The question in *Miller* was whether the plaintiffs were prevailing parties sufficient to support an award of attorney's fees for work done on *postjudgment motions;* the issue of whether postjudgment proceedings would be sufficient to make the entire case pending was not presented to the Court. *Id.* at 347–48.

Therefore, fees may only be awarded here for work relating to the supplemental proceeding stage of the case between June 24, 1974, and the time work began on matters relating to the April 27 order.

### C. *Prevailing Party*

█ Section 1988, by its terms, permits an award of attorney's fees only to a "prevailing party". The question here, since only the supplemental proceedings were pending, is whether appellees prevailed in those proceedings. As *Iranian Students Association v. Edwards,* 604 F.2d 352 (5th Cir. 1980), explains, the proper focus is whether the plaintiff has been successful on the central issue as exhibited by the fact that he has acquired the primary relief sought. *Id.* at 353. The fact that compliance is voluntary is no justification for holding that a party did not prevail. *Robinson v. Kimbrough,* 620 F.2d at 475–76 (5th Cir. 1980); *Brown v. Culpepper,* 559 F.2d at 277 (5th Cir. 1977); S.Rep.No.94–1011, *supra,* at 5.

█ The central issue of the supplemental proceedings here was to ensure compliance with the district court judgment; the primary relief sought in these proceedings was compliance. Up until the April 27 order, the appellees were the prevailing parties in that compliance was being obtained; the April 27 order even stated that the sheriff was in compliance with "most of the orders" contained in the June 5, 1972 order. Record, V. 6, p. 1480. As this Court said in the appeal of the April 27 and May 12 orders: "The objects sought to be accomplished in the original suit have been accomplished. That which was sought to be

remedied has now been remedied." 600 F.2d at 1141. Appellees did not prevail on any matters pertaining to the April 27 order or any subsequent orders because it was held that the District Court should have declined jurisdiction.

### D. Denial of Fees to LDF and DLSF

■■■■■ The greatest portion of the time claimed by Stanley Bass, LDF staff attorney, in his 1979 affidavit for attorney's fees was spent on the appeal of the initial case and, for that reason, is non-compensable. However, a small portion of the time claimed may relate to the supplemental proceedings (it is impossible to tell from Bass's affidavit); if some of this time was expended in relation to the enforcement proceedings, it was spent only in reading papers of the case and in correspondence and telephone conversations with co-counsel and court clerks. Record, V. 8, p. 1916. The same is true of the time claimed by Betsy Julian, DLSF staff attorney, who was assigned to the case in September, 1976; after eliminating work relating to the April 27 and subsequent orders, the remaining 9.3 hours was spent in reading reports filed by defendants, preparing for and attending hearings on these reports, and conferring with co-counsel. According to *Johnson v. Georgia Highway Express, Inc.*, time spent by more than one attorney where only one is needed may be discounted. 488 F.2d at 717. Given the small amount of compensable time claimed, the duplicative nature of the work, and the fact that the District Court specifically found the DLSF attorney was not necessary to the case, Record, V. 8, p. 1936, we hold that the District Court did not abuse its discretion in awarding no fees to LDF and DLSF and we affirm the denial of fees.[2]

**2.** This holding in no way based on the fact that the DLSF is federally funded and that the LDF is a privately-funded civil rights organization. *Thompson v. Madison County Board of Education*, 496 F.2d 682, 689 (5th Cir. 1974); *Fairly v. Patterson*, 493 F.2d 598, 606 (5th Cir. 1974); *Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534, 538–39 (5th Cir. 1970).

**3.** The District Court's failure to make specific findings on the *Johnson* factors may be ex-

### E. Award of Fees to Jordan

■■■■■ The fee award to Jordan must be reduced so as to include only time spent in the supplemental proceedings from June 24, 1974, to December 3, 1976 (work done after this date related to matters involved in the April 27 order). Time spent on appeal of the initial case and on the *intervention* matters should be excluded. Appellee's opposition to intervention was irrelevant to the goal of obtaining compliance; the attempted intervention was also a circumstance beyond appellants' control. See *Robinson v. Kimbrough*, 620 F.2d at 478 (5th Cir. 1980). On remand, the District Court must reduce Jordan's award in accordance with the guidelines here announced.[3]

AFFIRMED in part; REVERSED and REMANDED in part.

cused for the reasons set forth in *Davis v. City of Abbeville*, 633 F.2d 1161 (5th Cir. 1981). Since appellee did present memoranda as to the application of the *Johnson* factors and since the award of fees to Jordan and denial of fees of LDF and DLSF does not represent any "palpable abuse of discretion," we are unable to hold that the District Court failed or refused to consider the *Johnson* factors. At 1163.