The CITY OF NEW YORK, Plaintiff,

v.

**BERETTA U.S.A. CORP.,
et al., Defendants.**

**No. 00 CV 3641.**

United States District Court,
E.D. New York.

Feb. 8, 2006.

Elizabeth Schickedanz Haile, Brian J. Siebel, Paul Wolfson, Wilmer, Cutler, Pickering, Hale and Dorr LLP, Dennis A. Henigan, Jonathan E. Lowy, Rachana Bhowmik, Washington, DC, Gabriel Mark Nugent, Thelen, Reid & Priest, LLP, Melanie C.T. Ash, New York City Law Department, Assistant Corporation Counsel, Affirmative Litigation Division, Eric Proshansky, Gail P. Rubin, Corporation Counsel of the City of NY, Richard J. Costa, New York City Law Department, New York City, for Plaintiff.

Elliot M. Schachner, United States Attorneys Office, Brooklyn, NY.

Brian Preston Heermance, Morrison, Mahoney & Miller, LLP, John F. Renzulli, Renzulli & Rutherford, LLP, Leonard S. Rosenbaum, Scott Charles Allan, Renzulli, Pisciotti & Renzulli, LLP, Thomas Patrick Battistoni, Balber Pickard Battistoni Maldonado & Van Der Tuin, PC, Joseph Anthony Strazzeri, Patrick G. Broderick, Jones Day, Robert Laurent Joyce, Wilson, Elser, Moskowitz, Edelman & Dicker, Alan Mansfield, Greenburg, Traurig, LLP, Anne Elizabeth Cohen, Debevoise & Plimpton LLP, John Joseph McCarthy, III, McCarthy Law Firm, PLLC, New York City, Lawrence S. Greenwald, Gordon, Feinblatt, Rothman, Hoffberger, Hollander, LLC, Baltimore, MD, Jamie Huffman Jones, Jonann E. Coniglio, Friday, Eldredge & Clark, LLP, Little Rock, AR, Kelly J. Hunt, Mark Robert Hall, Patrick Carew, Paula, Reichenstein, Thomas E. Fennell, Michael L. Rice, Jones Day, Dallas, TX, Thomas E. Healy, Pino & Associates, LLP, White Plains, NY, Bridgette E. Eckerson, Timothy A. Bumann, Budd Larner, P.C., Atlanta, GA, Prescott L. Nottingham, Budd, Larner, Rosenbaum, Greenberg & Sade, Kathleen C. Marchetti, Budd Larner, P.C., Budd Larner, Short Hills, NJ, Michael J. Zomcik, Tarics & Carrington, PC, Houston, TX, Clem C. Trischler, Robert R. Leight, Pietragallo, Bosick & Gordon, Pittsburgh, PA, Jeffrey Scott Nelson, Tina Marie Schaefer, Stacey Elaine Deere, Shook, Hardy & Bacon LLP, Kansas City, MO, James Philip Dorr, Sarah Liddell Olson, Wildman, Harrold, Allen & Dixon, Richard J. Leamy, Jr., Wiedner & McAuliffe, LTD., Chicago, IL, William Edward Vita, Gallagher, Gosseen, Faller, Kaplan & Crowle, Garden City, NY, Christopher M. Chiafullo, Whitney Rene Chelnik, The Chiafullo Group LLP, Watchung, NJ, Scott L. Braum, Timothy Rockwell Rudd, Scott L. Braum & Associates, Ltd., Dayton, OH, for Defendants.

## Order

WEINSTEIN, Senior District Judge.

The City of New York sues the handgun industry, claiming a nuisance because of improper merchandising methods that create unnecessary hazards to people in the city. On December 2, 2005, a motion to

dismiss was denied. On the same day, pursuant to section 1292(b) of Title 28 of the United States Code, this court granted its certificate authorizing an interlocutory appeal. *See City of New York v. Beretta U.S.A. Corp.*, 401 F.Supp.2d 244, 298 (E.D.N.Y.2005).

On November 22, 2005, there was adopted an Act in effect denying authority to adjudicate this case. *See* Science, State, Justice, Commerce, and Related Agencies Appropriations Act of 2006, Pub.L. No. 109–108, 119 Stat. 2290. Amending provisions of prior appropriations acts, it stated:

no funds appropriated under this or any other Act with respect to any fiscal year may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives or any information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section 923(g), to anyone other than a Federal, State, or local law enforcement agency or a prosecutor solely in connection with and for use in a bona fide criminal investigation or prosecution and then only such information as pertains to the geographic jurisdiction of the law enforcement agency requesting the disclosure and not for use in any civil action or proceeding other than an action or proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives, or a review of such an action or proceeding, to enforce the provisions of chapter 44 of such title, and all such data shall be immune from legal process and shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, *and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based upon such data, in any civil action pending on or filed after the effective date of this Act in any State (including the District of Columbia) or Federal court* or in any administrative proceeding other than a proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives to enforce the provisions of that chapter, or a review of such an action or proceeding; except that this proviso shall not be construed to prevent the disclosure of statistical information concerning total production, importation, and exportation by each licensed importer (as defined in section 921(a)(9) of such title) and licensed manufacturer (as defined in section 921(a)(10) of such title) ... (Emphasis added to show relevant additions adopted on November 22, 2005.)

According to telephone advice from the Clerk of the Court of Appeals for the Second Circuit, the Court of Appeals has accepted the interlocutory appeal of this court's December 2, 2005 decision. Although the effective date of the Act was November 22, 2005, the Act was not brought to the attention of this court by either of the parties and was not considered in this court's December 2, 2005 decision or order of certification. Thus the effect, if any, of the November 22, 2005 Act is still before this court. *See* 28 U.S.C. § 1292(b) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order"); *see also, e.g., Taylor v. Sterrett*, 640 F.2d 663, 667–68 (5th Cir. 1981) ("It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not in-

volved in the appeal."); *U.S. v. City of Chicago,* 534 F.2d 708, 711 (7th Cir.1976) ("An appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case.").

The parties are directed to show cause on March 3, 2006 at 10:00 AM why the case should not be dismissed because of the November 22, 2005 legislation. They will arrange an appropriate briefing schedule.

Decision by this court on the effect of the new legislation may affect the nature of any appeal now pending. To avoid any unnecessary work by the parties and the Court of Appeals this court withdraws its stay. *See Beretta.,* 401 F.Supp.2d at 298. Upon deciding the issues raised by the order to show cause it will consider reimposing the stay. The Clerk of this court will notify the Clerk of the Court of Appeals for the Second Circuit of this order.

SO ORDERED.